No. 18,248.

WAYNE CROUCH v. MOUNTAIN STATES
MIXED FEED COMPANY, ET AL.
(343 P. [2d] 1052)

Decided September 8, 1959. Rehearing denied September 28, 1959.

Mr. FRANK A. BRUNO, Mr. H. D. REED, Mr. V. G. SEAVY, JR., for plaintiff in error.

Mr. LOUIS G. ISAACSON, Mr. JAY E. LUTZ, Mr. JAMES D. McKEVITT, for defendants in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

WE will refer to the parties by name or as they appeared in the trial court where Crouch and Ford were defendants and Mountain States Mixed Feed Company was plaintiff. Crouch and Ford filed counterclaims against the feed company and Herschel Katchen who was an officer thereof.

Plaintiff filed its complaint against Crouch, an independent trucker and grain dealer, and Ford, an employee of plaintiff, setting forth two claims against said defendants, the first of which alleged a conspiracy between Crouch and Ford to defraud plaintiff in the quantity of grains delivered to it by Crouch, by means of false weight certificates issued by Ford showing weights in excess of actual deliveries made by Crouch. Plaintiff alleged that it relied upon the false weight certificates and by reason thereof Crouch received payments for grain in excess of the quantity actually delivered to plaintiff. It further alleged, on information and belief, that said overpayments were divided between Crouch and Ford. This first claim was treated by counsel and the court as an action for money had and received.

In the second claim plaintiff re-incorporates allegations of the first claim, and alleges in addition thereto that the defendants intended that plaintiff should rely upon the erroneous weights communicated to it, and to intentionally misrepresent the same, and that plaintiff did rely thereon to its damage. The original prayer of both claims was for the sum of $20,000.00; however, by amendment by leave of court, the prayer of the claims was amended and plaintiff was allowed to demand judgment in the sum of $46,699.46.

Crouch and Ford denied the existence of any conspiracy between themselves, or any other person, and alleged that the weighing of any grains by Ford relating to sales to the company by defendant Crouch was a true and accurate measurement, and that any and all payments to Crouch by reason of such sales were based upon true and accurate measurements. A second defense

to both claims of the company was made by Crouch and Ford alleging the failure of the complaint to state a claim upon which relief could be granted; and also alleging that the claims of the company were not set forth with the particularity required by Rule 9 (b), R.C.P. Colo.

The counterclaims filed by Crouch and Ford against the company, in which Katchen, an officer of the company, was made a third party defendant, sought to recover damages for malicious prosecution, based upon the fact that a criminal case had been filed against Crouch and Ford, upon the trial of which they were acquitted.

At the close of the evidence offered by plaintiff, Crouch and Ford moved for dismissal of plaintiff's action. The basis of the motion was that the evidence was insufficient to create an issue of fact for the determination of the jury, and that plaintiff's complaint, and the proof in support thereof, was lacking in the particularity required by Rule 9 (b), R.C.P. Colo., which provides, inter alia, that, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The motion was overruled.

At the conclusion of the evidence counsel for plaintiff made the following motion:

"On behalf of the plaintiff Mountain States Mixed Feed Company we hereby elect to proceed under the claim which was stated in the First Claim of the complaint as the same has been set forth in Instruction No. 1 which was previously tendered to the Court."

Following this election, plaintiff's case was treated as an action for money had and received and no instructions were given to the jury on the rules of law applicable to an action in tort for fraud and deceit.

After said election was made, counsel for defendants moved the court for a directed verdict and particularly stressed the point that the evidence did not show the receipt of any money by Ford, and that having withdrawn the claim founded upon fraud plaintiff could only recover from either of the defendants the money which

was shown by the evidence to have been received by each. The trial court reserved its ruling upon the motion for directed verdict and submitted nine forms of verdict to the jury. One of the forms submitted was in the following language:

"We, the jury, find the issue on the plaintiff's complaint for the plaintiff and against the defendants Crouch and Ford and assess its damage in the sum of ................................Dollars and.............................cents."

The jury was instructed that if the issue was determined in favor of plaintiff this form should be returned. Thus the trial court told the jury that each defendant would be obligated to pay the same amount without regard to what each had individually received, as established by the evidence. The jury was further instructed that if a verdict was returned in favor of the plaintiff (for money had and received) it should of necessity return form No. 3 which was as follows:

"We, the Jury, find the issues on the defendants Crouch's and Ford's Counterclaims and crossclaims in favor of the plaintiff Mountain States Mixed Feed Company and the defendant Herschel Katchen."

The jury returned the verdicts above set forth, finding the issues for the plaintiff and assessing damages "against the defendants Crouch and Ford" in the amount of $16,750.00. Having thus found for the plaintiff, verdict No. 3 above quoted was returned by the jury as directed by the court, and thus the counterclaims of defendants for malicious prosecution were disposed of. The verdicts of the jury were returned January 4, 1957, and on the same date the court ordered judgment to enter thereon.

A motion for new trial was filed in apt time, which was denied March 8, 1957. This motion assigned as grounds for a new trial that the trial court erred for the following reasons, inter alia:

"3. In refusing and denying defendants' Motion to Dismiss plaintiff's First Cause of Action, as alleged in its purported Complaint, interposed at the conclusion of

all of the evidence, in that, *inter alia,* the plaintiff failed to establish by competent evidence the receipt of any moneys belonging to the plaintiff by these defendants, or either of them.

\* \* \*

"5. In giving to the jury, over the objections of the defendants, and each of them, Instructions No. 1, 3, 4, 7, 9, 10, 11, 12 and 17.

\* \* \*

"7. In submitting to the jury for its consideration, over the objection of these defendants, Form of Verdict No. 1, and in failing, refusing and neglecting to give to the jury separate Forms of Verdict with respect to each of the defendants herein."

The entry of record next following the order of the trial court denying the motion for a new trial contains the following:

"And thereupon, defendant Lawrence K. Ford renews motion to dismiss, the same is argued by counsel, and the Court being now sufficiently advised in the premises, doth grant said motion."

Defendant Ford then orally moved the court to reinstate his counterclaim and crosscomplaint, which motion was denied. Thereupon the trial court ordered, " \* \* \* that jury verdict and judgment heretofore entered on verdict of the jury as to the defendant Lawrence K. Ford only, be and the same hereby is, vacated, set aside and held for naught." Ford is not a party in this court. Writ of error issued on the application of Crouch against whom the judgment was permitted to stand.

Questions to be Determined.

■ First: *Did the trial court err in submitting a joint verdict under which the jury was required to find against each of the defendants for the same amount, for money had and received, notwithstanding the fact that there was no evidence showing that Ford had received any money which was sought to be recovered?*

This question is answered in the affirmative. In order to make the situation clear we quote pertinent parts of the instructions given by the court, to which objections were made:

Instruction No. 3 was as follows:

"The Court instructs the jury that if it finds from a preponderance of the evidence that the defendants, Wayne Crouch and Lawrence K. Ford, induced the plaintiff to pay Wayne Crouch, for grain sold by him, an amount in excess of that to which he was entitled on the basis of the weight of the grain actually sold, *then the law creates an implied contract on the part of Wayne Crouch and Ford to repay to plaintiff such excess sum of money as was paid to them, or either of them."* (Emphasis supplied.)

Instruction No. 4 stated, inter alia, that in the event of verdict for the plaintiff, " * * * then you shall award the plaintiff as damages, such sum of money as you shall find from the preponderance of the evidence that the plaintiff paid to the defendants, Crouch and Ford, *or either of them,* in excess of the amount to which Crouch otherwise had been entitled on the basis of the weight of the grain sold by him to plaintiff, * * *." (Emphasis supplied.)

Pertinent portions of Instruction No. 17 are as follows:

"You will be given nine forms of verdicts for use in deciding these three claims and the verdicts are numbered from 1 to 9 inclusive. Nos. 1 and 2 relate to the plaintiff's claim set forth in the complaint and the others relate to the counter-claims and cross-claims of defendants, Crouch and Ford.

"If you find the issues on the complaint in favor of the plaintiff, then you must return verdict No. 1.

"If you find the issues on the complaint in favor of the defendants Crouch and Ford, you will return verdict No. 2.

"If the plaintiff receives a verdict on its complaint, then neither of the defendants Crouch or Ford is entitled

to recover damages for malicious prosecution; consequently, if you return verdict No. 1, you must also return verdict No. 3. In this event no other verdict should be considered or returned by you."

█ Considering the foregoing instructions as related to the forms of verdict submitted to the jury, it is clear that no discretion was left the jurors to find against one of the defendants for a sum "had and received" by him in an amount different from that which the evidence disclosed was received by his co-defendant. It is also clear that the jury was given no right to find against one defendant and to discharge the other from liability.

█ The claim upon which the instant case was submitted to the jury alleged a joint liability of Crouch and Ford upon an implied contract to return to plaintiff money belonging to it, in their possession. In such an action the jurors should be given latitude and discretion to find against one of the defendants and exonerate the other, or to find against both defendants but for different amounts, all as the evidence may justify. *Beatty v. Resler,* 108 Colo. 434, 118 P. (2d) 1084. We think the opinion of the Supreme Court of Georgia in *Cowart v. Fender,* 137 Ga. 586, 73 S.E. 822, pertinent to the point involved. From that opinion we quote:

"The main question in this case is: Was the action properly brought against all the defendants jointly, and in the county of the residence of one of the defendants? We think not. The plaintiffs are not suing in tort for damages against all the defendants as joint tort-feasors, where all would be jointly liable; but they waive the tort, and sue the defendants in assumpsit for money had and received, on the implied contract to refund the money, which in good conscience and equity they are supposed to return. Where an action is brought in tort, every one who participated in the tort is liable as a joint tort-feasor, and the act of one is the act of all. But the plaintiff in this case waives the tort and does not sue for damages, but sues in assumpsit against all the de-

fendants jointly for the recovery of the money alleged to have been paid by him to them. In the latter case, the rule is different from the former, and the act of one is not the act of all; and a joint action can be maintained only against defendants who have jointly received the money."

Numerous authorities are cited by the Georgia court but no good purpose would be served by repeating them here.

 Plaintiff voluntarily elected to proceed upon that claim which all parties and the court treated as one for money had and received. By this action it waived the tort.

" * * * By such an election that which was before the election tortious does not cease to be so. In fact, when the assumpsit is brought, it is only by showing that the defendant did a tortious act that the plaintiff is able to recover. There being no contract between the parties, unless the defendant is guilty of some wrong the plaintiff can establish no cause of action against him. * * *." *Keener on Quasi-Contracts,* page 160.

To warrant recovery against a defendant following such an election of remedies, assuming the defendant to be a tort feasor, the defendant against whom a judgment is obtained must have unjustly enriched himself thereby. It is not sufficient that the plaintiff has been impoverished by the tort.

*Second: Under the particular facts of this case, where there was competent evidence tending to prove that defendant Crouch received money, to which he was not entitled and which belonged to plaintiff; can we say that he was not prejudiced by the giving of the erroneous instructions and the forms of verdict which are hereinabove described?*

 This question is answered in the negative. As already shown, the verdict of the jury was against two defendants — not one. It was arrived at under erroneous instructions and forms of verdict. We cannot say that

the verdict would have been the same if the jury had been instructed properly as to the liability of each of the defendants and had returned its verdict against a single defendant. The two defendants were inseparably joined by the instructions as debtors for a particular sum and one cannot ascertain from the evidence the mental process indulged in by the jury in arriving at that sum.

■ The trial court by vacating the judgment entered against Ford in effect recognized that error was committed in the giving of instructions and in the forms of verdicts submitted to the jury. The trial court sought to correct that error by relieving one of the defendants from the obligation imposed upon him by the verdict. While it is generally true that a trial court has discretion to vacate a joint judgment as to one of the parties against whom it was entered, in those cases where the party against whom the judgment remains is not prejudiced thereby, the instant action is not that kind of a case. As was stated by the Supreme Court of the United States in *Washington Gas Light Co. v. Lansden,* 172 U.S. 534, 19 S. Ct. 296, 43 L. Ed. 543:

"Where the judgment is based upon a cause of action of such a nature that it might work injustice to one party defendant, if it were to remain intact as against him, while reversed for error as to the other defendants, then we think the power exists in the court, founded upon such fact of possible injustice, to reverse the judgment *in toto* and grant a new trial in regard to all the defendants."

■ In the present action we find no competent evidence that Ford received money belonging to plaintiff. There was evidence introduced bearing upon Ford's financial position. His income tax returns for the years 1952 and 1953 were received in evidence; testimony was received as to his possession of a sum of money during 1953 approximating $3,000.00; and there was also presented evidence that Mr. Ford was seen during the year 1953 "flashing" several hundred dollar bills around the

plaintiff's place of business. While these inferences could in no way support a jury verdict for fraudulent receipt of money or for money wrongfully had and received from the plaintiff by defendant Ford, it is impossible for this or any court to ascertain what effect these inferences had upon the minds of the jurors during their deliberations. That is to say, that while the jury returned a joint verdict against both the defendants in the amount of $16,750.00, and there being no liability as to the defendant Ford, it is impossible to state with any certainty what liability, if any, the jury would have imposed upon the defendant Crouch, had they considered his liability separately. The trial court should have vacated the judgment as to each of the defendants and caused all the issues to be retried under proper instructions.

The judgment is reversed and the cause remanded for further proceedings in harmony with the views hereinabove expressed.

MR. CHIEF JUSTICE KNAUSS and MR. JUSTICE DAY not participating.