Lee et al., Appellants, *v.* Skidmore et al., Appellees.

(No. 7955—Decided May 12, 1976.)

*Mr. Michael L. McGowan,* for appellants.
*Mr. Harry A. Tipping,* for appellee.

Victor, P. J. Naoma Lee appeals from an order dismissing her complaint against the American National Insurance Company. The plaintiff sued the insurance company for a fire loss covering the premises which she and one Dobbins (not a party to this appeal) had contracted to sell to Murl and Adeline Skidmore. In her complaint, plaintiff alleges that a contract of insurance was procured from the defendant by the parties, pursuant to a land contract. The Skidmores and Naoma Lee were the named insureds, according to the extent of their respective interest in the premises.

On September 10, 1974, the property covered by the policy was partially destroyed by fire. The plaintiff maintains that the defendant company was notified of the fire but failed to reimburse her for the loss, which she alleges was $2,500.

The company responded by filing an answer, a motion

for summary judgment and a motion to dismiss. It contends that it issued a draft on October 14, 1974, in the sum of $2,125 in the name of the land contract vendees (Skidmores) and plaintiff Lee to cover the fire damage. It maintains that by issuing this instrument, which was apparently cashed by the Skidmores over plaintiff's forged endorsement, it has satisfied its obligation to plaintiff; hence, it is not a proper party to this action. It is conceded that plaintiff never received any part of the proceedings of the draft.

The trial court, in dismissing the suit, said:

"1. The Court finds that the American National Fire Insurance Company by issuing its draft made payable to the land contract vendees and the land contract vendor has made payment pursuant to the terms and conditions of said insurance contract.

"2. The Court furthermore finds that a forged endorsement or unauthorized signature is wholly inoperative for the purposes of passing the warranties of an endorser to either a payor or drawee bank. See 40 O. Jur. 2d, *Negotiable Instruments*, Sections 492 and 493 at pages 629 and 631. See also 7 O. Jur. 2d, *Banks,* Section 194 at pages 365-366.

"3. The Court furthermore finds that the American National Fire Insurance Company is not a real party in interest in this lawsuit. See Rule 17 of the Ohio Rules of Civil Procedure."

In this appeal, plaintiff contends:

"1. The judgment is not sustained by the evidence and is against the manifest weight of the evidence.

"2. The judgment is contrary to law.

"3. The court erred in granting the motion of American National Fire Insurance for summary judgment."

The draft issued by defendant through the producing agent, the McCool Insurance Agency of Akron, Ohio, in the amount of the fire loss was drawn upon itself, "pay-[able] to the order of Murl Skidmore; Adeline Skidmore; Anderson Lee [aka Naoma Lee]." It states upon its face that it is "Payable Through Security Pacific National

Bank * * * Los Angeles, California, upon acceptance * * * by the Great American Insurance Companies.''

It is conceded that plaintiff's endorsement was unauthorized. R. C. 1303.40(A). As this draft was made payable to the order of two or more persons, it was subject to R. C. 1303.15, which provides:

"An instrument payable to the order of two or more persons:

"(A) if in the alternative is payable to any one of them and may be negotiated, discharged, or enforced by any of them who has possession of it;

"(B) if not in the alternative is payable to all of them and may be negotiated, discharged, or enforced only by all of them.''

The draft in question was not payable in the alternative and, thus, was neither negotiated nor discharged by the unauthorized and forged endorsement.

As the defendant was both the drawer and drawee of the draft, it was obligated to make payment to the named payees therein, or other proper holders. That the draft was payable through a bank upon acceptance does not alter that duty. R. C. 1303.19 provides:

"An instrument which states that it is 'payable through' a bank or the like designates that bank as a collecting bank to make presentment but does not of itself authorize the bank to pay the instrument.''

The basis of defendant's obligation is statutory. R. C. 1303.55 provides:

"(A) An instrument is converted when * * *

"(3) it is paid on a forged endorsement.

"(B) In an action against a drawee under division (A) of this section, the measure of the drawee's liability is the face amount of the instrument. In any other action under division (A) of this section, the measure of liability is presumed to be the face amount of the instrument.

"(C) Subject to the provisions of sections 1303.26, 1303.55, 1303.69, and 1304.11 of the Revised Code, concerning restrictive indorsements, a representative, including a depository or collecting bank, who has in good faith and

in accordance with the reasonable commercial standards applicable to the business of such representative dealt with an instrument or its proceeds on behalf of one who was not the true owner is not liable in conversion or otherwise to the true owner beyond the amount of any proceeds remaining in his hands. * * *"

Thus, the statute creates an absolute right to recover in favor of the plaintiff upon proof that the draft was paid on a forged endorsement, as the defendant claims it paid the face amount thereof. *Gast* v. *American Cas. Co.* (1968), 99 N. J. Super. 538, 240 A. 2d 682. See also, the comment to R. C. 1303.55, which states:

"3. Division (A)(3) is new. It adopts the prevailing view of decisions holding that payment on a forged indorsement is not an acceptance, but that even though made in good faith it is an exercise of dominion and control over the instrument inconsistent with the rights of the owner, and results in liability for conversion."

It is noted that the insurance company makes no claim that plaintiff had in any way contributed to the making of the forged endorsement.

The payment of the draft through a forged endorsement failed to discharge the instrument as to the plaintiff, pursuant to R. C. 1303.15, and such a payment by the drawer-drawee constitutes a conversion of that instrument for which it must respond in damages.

We conclude that the assignments of error are well taken. Accordingly, we reverse and remand for further proceedings.

*Judgment reversed.*

MAHONEY and DOYLE, JJ., concur.

DOYLE, J., retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.