593 P.2d 362 (1978)
NATIONAL SURETY CORPORATION, a New York Corporation, and Dayco Corporation, an Ohio Corporation, Plaintiffs-Appellants,
v.
CITIZENS STATE BANK, d/b/a Citizens Bank, a State Banking Corporation, Defendant-Appellee.
No. 78-647.
Colorado Court of Appeals, Division III.
December 14, 1978.
As Modified On Denial of Rehearing January 18, 1979.
Certiorari Granted April 16, 1979.
*363 Kenneth C. Groves, Weinshienk, Miller, Goldburg & Borus, Denver, for plaintiffs-appellants.
Weller, Friedrich, Hickisch & Hazlitt, John R. Hickisch, Denver, for defendant-appellee.
VanCISE, Judge.
Plaintiffs alleged in their complaint that certain employees of plaintiff Dayco Corporation forged endorsements on checks payable to Dayco and then deposited these checks in their own personal accounts maintained with the defendant, Citizens State Bank. Plaintiff National Surety Co., pursuant to its "blanket crime policy" issued to Dayco, indemnified Dayco for part of the loss, and is a party under its subrogation rights. Plaintiffs pleaded three claims for relief in their complaint: (1) conversion under § 4-3-419, C.R.S.1973, (2) money had and received, and (3) breach of implied warranties under §§ 4-3-417 and 4-4-207, C.R. S.1973. The bank's C.R.C.P. 12(b)(5) motion to dismiss for failure to state a claim was granted, and judgment was entered accordingly. Plaintiffs appeal, and we affirm in part and reverse in part.
*364 A motion to dismiss for failure to state a claim is viewed with disfavor, and should be granted only if it clearly appears that plaintiffs would not be entitled to any relief under the facts pleaded. See Davidson v. Dill, 180 Colo. 123, 503 P.2d 157 (1972); Colorado National Bank v. F. E. Biegert Co., Inc., 165 Colo. 78, 438 P.2d 506 (1968).

I.
Plaintiffs' first claim was in conversion under § 4-3-419(1)(c), C.R.S.1973.
At common law, an action for conversion could be maintained on the facts here alleged. See Restatement (Second) of Torts § 242. However, the trial court, in dismissing the complaint as to this claim, apparently concluded that the adoption of § 4-3-419, C.R.S.1973, altered the law in Colorado and abolished a payee's conversion action against a depositary bank that had cashed a check upon a forged endorsement. We disagree with that conclusion.
The statute provides in pertinent part as follows:
"(1) An instrument is converted when:
. . . . .
(c) It is paid on a forged indorsement.
. . . . .
(3) Subject to the provisions of this title concerning restrictive indorsements a representative, including a depositary or collecting bank, who has in good faith and in accordance with the reasonable commercial standards applicable to the business of such representative dealt with an instrument or its proceeds on behalf of one who was not the true owner, is not liable in conversion or otherwise to the true owner beyond the amount of any proceeds remaining in his hands."
Under this statute, if plaintiffs pled facts which, if true, would establish that the depositary bank has "paid on a forged indorsement," then they have stated a claim for conversion of the instrument under the Uniform Commercial Code (U.C.C.). Assuming, arguendo, that the above subsection (3) would even be applicable to the facts of this case, see Cooper v. Union Bank, 9 Cal.3d 123, 107 Cal.Rptr. 1, 507 P.2d 609 (1973); Ervin v. Dauphin Deposit Trust Co., 84 Dauph. 280, 38 Pa.D. & C.2d 473 (1965); Comment, Payee v. Depositary Bank, 45 U.Colo.L.Rev. 281 (1974); B. Clark & A. Squillante, The Law of Bank Deposits, Collections and Credit Cards 141-147 (and 1978 Cum.Supp.), it is incumbent upon the depositary bank to plead and prove "good faith" and compliance with "reasonable commercial standards," as matters of affirmative defense. Plaintiff is not required under our system of notice pleading to negative these matters in his complaint in order to withstand a motion to dismiss. See Smith v. Kent Oil Co., 128 Colo. 80, 261 P.2d 149 (1953). The trial court thus erred in granting the bank's motion to dismiss for failure to state a claim for conversion under § 4-3-419(1)(c), C.R.S.1973.

II.
Plaintiffs' next claim was for money had and received. This claim is based on the well established common law action of assumpsit arising where one has received money which in equity and good conscience he ought to pay over to another. See, e. g., Morgan v. Brinkhoff, 145 Colo. 78, 358 P.2d 43 (1960); Crouch v. Mountain States Mixed Feed Co., 140 Colo. 213, 343 P.2d 1052 (1959). Before adoption of the U.C.C. in Colorado, this claim was applicable to the facts here alleged, see United States Portland Cement Co. v. United States Nat'l. Bank, 61 Colo. 334, 157 P. 202 (1916). The same is true in other jurisdictions, see Mackey-Woodard, Inc. v. Citizens State Bank, 197 Kan. 536, 419 P.2d 847 (1966); Fabricon Products v. United California Bank, 264 Cal.App.2d 113, 70 Cal.Rptr. 50 (1968).
Section 4-1-103, C.R.S.1973, states that unless displaced by particular provisions of the U.C.C., the principles of law and equity shall supplement the U.C.C. As no mention of this claim for recovery is made in the *365 U.C.C., we conclude that the claim for money had and received is still viable.
If the portion of § 4-3-419(3), C.R.S. 1973, which states that a depositary bank "is not liable in conversion or otherwise" if "good faith" and compliance with "reasonable commercial standards" are shown, is applicable to the facts of this case, it would provide a defense to a claim for money had and received as well as to an action for conversion. However, as this statute concerns matters of affirmative defense, the complaint stated a claim for money had and received.

III.
Plaintiffs' final claim was based upon the implied warranties of §§ 4-3-417 and 4-4-207, C.R.S.1973. Neither section creates warranties which run expressly to a payee from a depositary bank. Some cases have allowed the drawer to sue the depositary bank directly, on the theory that the drawer is an assignee or third party beneficiary of the § 4-4-207 warranties. See Allied Concord Financial Corp. v. Bank of America, 275 Cal.App.2d 1, 80 Cal.Rptr. 622 (1969). However, we are aware of no case holding that the payee may maintain an action against the depositary bank on the basis of either § 4-4-207 or 4-3-417, and, as a matter of first impression in this state, we decline so to hold. Consequently, the dismissal of the implied warranties claim was correct.
The judgment is thus affirmed as to the implied warranties claim and is reversed as to the other claims, and the cause is remanded with directions to reinstate the conversion and money had and received claims in the complaint and for further proceedings.
PIERCE and RULAND, JJ., concur.