## No. 79SC47

**Citizens State Bank d/b/a Citizens Bank, a Colorado banking corporation v. National Surety Corporation, a New York corporation, and Dayco Corporation, an Ohio corporation**

(612 P.2d 70)

Decided May 19, 1980. Opinion modified and as modified rehearing denied July 7, 1980.

Weller, Friedrich, Hickisch and Hazlitt, H. Gayle Weller, John R. Hickisch, for petitioner.

Weinshienk, Miller, Goldburg & Borus, Hubert T. Weinshienk, Kenneth C. Groves, for respondents.

*En Banc.*

CHIEF JUSTICE HODGES delivered the opinion of the Court.

The plaintiffs, National Surety Corporation and Dayco Corporation, alleged in the trial court that certain Dayco Corporation employees forged endorsements on checks payable to Dayco and then deposited these checks in their personal accounts maintained with the defendant, Citizens State Bank ("Bank"). National Surety Corporation partially indemnified Dayco and is a party-plaintiff under its subrogation rights. The plaintiffs pled three causes of action: (1) conversion under section 4-3-419, C.R.S. 1973; (2) moneys had and received; and (3) breach of warranty under sections 4-3-417 and 4-4-207, C.R.S. 1973. The trial court granted the Bank's C.R.C.P. 12(b)(5) motion to dismiss for failure to state a claim, and judgment was entered accordingly. The court of appeals reversed as to the dismissal of plaintiffs' first and second claims, but affirmed the dismissal of

the claim for breach of warranty.[1] *National Surety Corp. v. Citizens State Bank,* _____Colo. App. _____, 593 P.2d 362 (1979). We granted certiorari and now affirm the judgment of the court of appeals.

## I.

 We first address the question whether plaintiffs stated a cause of action for conversion. The common law recognized the right of a payee to maintain an action for conversion against a bank under circumstances where the bank wrongfully paid out moneys based upon a forged endorsement. *Denver Electric v. Phipps,* 143 Colo. 530, 354 P.2d 618 (1960). *See also* 100 A.L.R. 2d 670 (1965). Section 4-3-419(1)(c), C.R.S. 1973, which provides that "[a]n instrument is converted when . . . [i]t is paid on a forged indorsement", merely codifies the generally recognized common law cause of action.

 We do not agree with the Bank's argument that the plaintiffs have no cause of action for conversion because it has been in effect abolished by section 4-3-419(3), C.R.S. 1973, which provides that:

"Subject to the provisions of this title concerning restrictive indorsements a representative, including a depositary or collecting bank, who has in good faith and in accordance with reasonable commercial standards applicable to the business of such representative dealt with an instrument or its proceeds on behalf of one who was not the true owner, is not liable in conversion or otherwise to the true owner beyond the amount of any proceeds remaining in his hands."

The purpose of this section is to create an affirmative defense[2] which a defendant-bank may assert. *See, e.g., Siegel Trading Co., Inc. v. Coral Ridge National Bank,* 328 So. 2d 476 (Fla. App. 1976); *Montgomery v. First National Bank,* 265 Or. 55, 508 P.2d 428 (1973). It is not incumbent upon a plaintiff to anticipate and negate an affirmative defense in its complaint. *Davis v. Bonebrake,* 135 Colo. 506, 313 P.2d 982 (1957); *Smith v. Kent Oil Co.,* 128 Colo. 80, 261 P.2d 149 (1953).

---

[1] This affirmance is not challenged.

[2] We do not address the issue of whether section 4-3-419(3) constitutes a valid defense since this is not properly before us. This question has troubled commentators and has been the subject of varied judicial treatment. *See, e.g., White & Summers, Uniform Commercial Code* § 15-4 (1972); Comment, *Depositary Bank Liability Under* § *3-419(3) of the Uniform Commercial Code,* 31 *Wash. & Lee L. Rev.* 676 (1974); Comment, *Payee v. Depositary Bank: What is the UCC Defense to Handling Checks Bearing Forged Endorsements?* 45 *U. of Colo. L. Rev.* 281 (1974); *Section 3-419(3) of the U.C.C. Does not Limit the Liability of a Depositary Bank to the True Owner of a Check Paid on a Forged Endorsement,* 74 *Colum. L. Rev.* 104(1974); *C.S. Bowen Co. v. Maryland National Bank,* 36 Md. App. 26, 373 A.2d 30 (1977); *Lee v. Skidmore,* 49 Ohio App. 2d 347, 361 N.E.2d 499 (1976); *Montgomery v. First National Bank,* 265 Or. 55, 508 P.2d 428 (1973); *Cooper v. Union Bank,* 9 Cal. 3d 123, 507 P.2d 609, 107 Cal. Rptr. 1 (1973); *Ervin v. Dauphin Deposit Trust Co.,* 84 Dauph. 280, 38 Pa. D. & C. 2d 473 (1965).

■ As the plaintiffs pled that the Bank paid checks payable to Dayco upon forged endorsements, the plaintiffs properly stated a cause of action for conversion against the Bank, and the trial court therefore erred in granting the Bank's motion to dismiss under C.R.C.P. 12(b)(5).

## II.

The Bank next asserts that section 4-3-419(3) abolishes the common law cause of action for moneys had and received which has been applied by this court under facts similar to those alleged here. *See United States Portland Cement Co. v. United States National Bank,* 61 Colo. 334, 157 P. 202 (1916). Again, we disagree.

Section 4-1-103, C.R.S. 1973 provides:

"Unless displaced by the particular provisions of this title, the principles of law and equity, including the law merchant and the law relative to capacity to contract, principal and agent, estoppel, fraud, misrepresentation, duress, coercion, mistake, bankruptcy, or other validating or invalidating cause shall supplement its provisions."

■ Contrary to the Bank's assertion, section 4-3-419(3) does not explicitly displace the common law cause of action for moneys had and received. Rather, the section recognizes that causes of action might lie in addition to an action for conversion. The relevant language of section 4-3-419(3) provides that a depositary bank "is not liable in conversion *or otherwise* . . . ." (Emphasis added.) The phrase "or otherwise" only has meaning if the drafters anticipated a cause of action other than conversion *e.g.,* an action for moneys had and received. *See Hechter v. New York Life Insurance Co.,* 46 N.Y.2d 34, 385 N.E.2d 551 (1978). We thus conclude that the plaintiffs have a cause of action against the bank either *ex delicto* for conversion or *ex contractu* for moneys had and received.

The judgment of the court of appeals is affirmed.