**NATIONAL SURETY CORPORATION and Dayco Corporation, Plaintiffs-Appellees,**

v.

**CITIZENS STATE BANK d/b/a Citizens Bank, Defendant-Appellant.**

**No. 81CA1074.**

Colorado Court of Appeals, Div. I.

Sept. 2, 1982.

Kenneth C. Groves, Denver, for plaintiffs-appellees.

Weller, Friedrich, Hickisch & Hazlitt, John R. Hickisch, Denver, for defendant-appellant.

VAN CISE, Judge.

In this action, plaintiffs alleged in their complaint that some of the employees of plaintiff Dayco Corporation (Dayco), over a period of two years, forged the name of the payee to certain checks payable to a subsidiary of Dayco and deposited those checks in the employees' personal accounts with the defendant, Citizens State Bank (the Bank). National Surety Corporation paid a portion of Dayco's loss under the terms of a fidelity bond and, therefore, is a party plaintiff under its subrogation rights. The first claim is for conversion as defined by § 4–3–419, C.R.S.1973. The second claim is for money had and received.

The trial court originally dismissed the action for failure to state a claim. This ruling was reversed as to these two claims in *National Surety Corp. v. Citizens State Bank,* 41 Colo.App. 580, 593 P.2d 362 (1979), *aff'd sub nom. Citizens State Bank v. National Surety Corp.,* 199 Colo. 497, 612 P.2d 70 (1980). These decisions held that the allegations stated a claim for conversion under the "paid on a forged indorsement" provision of the Uniform Commercial Code (U.C.C.), § 4–3–419, C.R.S.1973. They also held that the purpose of § 4–3–419(3), C.R.S.1973, which provides that a depositary bank is not guilty of conversion if it deals with the instruments "in good faith and in accordance with reasonable commercial standards," is to create an affirmative defense which the bank may assert but which plaintiffs did not have to anticipate and negate in their complaint.

On remand, the bank filed its answer in which it denied the material allegations of the complaint and pled thirteen affirmative defenses, including § 4–3–419(3), C.R.S. 1973. On plaintiffs' motion, summary judgment in the full amount claimed was entered against the bank on plaintiffs' U.C.C. conversion count. The bank appeals, and we reverse.

In deciding the motion, the trial court had before it (1) the complaint and answer, (2) three depositions (from Weinsheink, one of plaintiffs' attorneys; from Roberts, an official from the bonding company; and

from Jones, the bank's executive vice-president), (3) an affidavit from Jones, and (4) the same court's file in a criminal action against the Dayco employee, Henderson, on charges of theft from Dayco. The bank contends that there was not a sufficient showing made to establish the bank's liability in conversion or the amount of plaintiffs' damages. We agree.

Nowhere in the pleadings are there any admissions that support plaintiffs' claims. All allegations pertaining to conversion are denied in the answer.

C.R.C.P. 56(e) requires that supporting affidavits, and this includes depositions, "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." The depositions show that none of the persons deposed had personal knowledge of any forgeries or of the amount or the details of the claimed losses. Therefore, the testimony in these depositions was not admissible to prove the matters alleged. Colorado Rules of Evidence 602; See In re Estate of Abbott, 39 Colo.App. 536, 571 P.2d 311 (1977).

Furthermore, not all of the checks (or copies thereof) alleged to have been forged were produced. There was no competent evidence of "forged indorsements" on the checks produced. No proper foundation was established for the admission of alleged loss summaries. It was admitted by plaintiffs' witnesses that some of the claimed losses were not based on checks payable to Dayco (or its subsidiary) or on forgeries.

Weinshienk in his deposition testified to statements made to him by Henderson. However, Henderson is not a party to this civil action, nor is he affiliated with the bank, and any recital by Weinshienk as to what Henderson told him is hearsay and inadmissible against the bank. Colorado Rules of Evidence 801(c) and 802.

Jones in his affidavit and in his deposition states that starting in late 1974 Henderson deposited in his personal account at the bank a number of checks payable to Dayco's subsidiary. He denied that any checks were drawn on or paid by the bank. There is no admission here that the bank "paid on a forged indorsement."

The record indicates that Henderson pled guilty to and was given a deferred sentence on a charge of theft from Dayco of more than $200 but less than $10,000. However, nowhere in that part of the criminal file that is contained in the record on appeal is there any reference to forgery or to the bank. Hence, there is nothing in the criminal file which supports plaintiffs' claim. See Parrish v. De Remer, 117 Colo. 256, 187 P.2d 597 (1947).

Summary judgment may not be granted if issues of material fact remain unresolved. Abrahamsen v. Mountain States Telephone & Telegraph Co., 177 Colo. 422, 494 P.2d 1287 (1972). Here, none of the material facts were established. Thus, the trial court erred, and the judgment must be reversed.

We also agree with the bank's contention that even if there was some competent evidence to support plaintiffs' conversion claim, the bank had pled affirmative defenses which the trial court failed to consider and which, if established by proof, could bar part or all of plaintiffs' claims.

Jones, in his affidavit, admits that, at the inception, the bank was not acting in a reasonable manner. However, he states that, when the practice continued with no notice to the bank that it was improperly handling the checks, the bank was thereafter "proceeding according to a standard which was reasonable and commercial in the banking business." He maintains that the bank acted in good faith throughout. These averments create a material fact question relevant to the defense set forth in § 4–3–419(3), C.R.S.1973. See Commercial Credit Corp. v. University National Bank, 590 F.2d 849 (10th Cir. 1979); Cooper v. Union Bank, 9 Cal.3d 371, 107 Cal.Rptr. 1, 507 P.2d 609 (1973).

Additional defenses pleaded and not denied or disproved by plaintiffs include ratification, implied or apparent authority, neg-

ligence, and estoppel. And, for purposes of ruling on a summary judgment motion, since the allegations pertaining to these defenses in the nonmoving party's answer were not controverted, they must be accepted as true. *See Abrahamsen v. Mountain States Telephone & Telegraph Co., supra; Norton v. Leadville Corp.,* 43 Colo.App. 527, 610 P.2d 1348 (1980). We therefore conclude that in view of these defenses, summary judgment should not have been entered.

The judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.

COYTE and TURSI, JJ., concur.