**NATIONAL SURETY CORPORATION, and Dayco Corporation, Plaintiffs-Appellees,**

v.

**CITIZENS STATE BANK, d/b/a Citizens Bank, Defendant-Appellant.**

No. 84CA0520.

Colorado Court of Appeals, Div. I.

Dec. 18, 1986.

Gorsuch, Kirgis, Campbell, Walker & Grover, P.C., James A. Jablonski, Arun Das, Denver, for plaintiffs-appellees.

Weller, Friedrich, Hickisch, Hazlitt & Ward, John R. Hickisch, David W. Kirch, Kenneth A.B. Roberts, Jr., Denver, for defendant-appellant.

PIERCE, Judge.

Defendant, Citizens State Bank, appeals a trial court judgment entered upon jury verdicts finding defendant liable to plaintiffs, National Surety Company and Dayco, in the amount of $48,429.84. Defendant also appeals the trial court award of prejudgment interest in the amount of $51,781.10 plus costs. We affirm in part and reverse in part.

Plaintiffs commenced this action in October 1977, alleging that defendant had wrongfully honored certain forged checks made payable to Dayco Corporation, and had credited the proceeds therefrom to the personal accounts of the individual responsible for the defalcations. The complaint set forth three claims for relief: (1) conversion; (2) monies had and received; and (3) breach of implied warranties. Pursuant to defendant's motion, the trial court initially dismissed the entire case for failure to state a claim under C.R.C.P. 12(b)(5).

On appeal by plaintiffs, this court reversed as to plaintiffs' conversion and monies had and received claims, while affirming the dismissal of plaintiffs' breach of implied warranties claim. *See National Surety Corp. v. Citizens State Bank,* 41 Colo.App. 580, 593 P.2d 362 (1978), *aff'd,* 199 Colo. 497, 612 P.2d 70 (1980).

On remand, the trial court granted plaintiffs' motion for summary judgment. Again, an appeal was taken, and this court reversed and remanded the case for further proceedings. *See National Surety Corp. v. Citizens State Bank,* 651 P.2d 460 (Colo.App.1982). Whereupon a jury trial on the merits was held in early February 1984, and an adverse verdict against defendant was returned finding, among other things, that defendant did not exercise good faith in the transactions. Judgment was entered on this verdict.

## I.

Defendant first contends that the plaintiffs were required to elect between either conversion or monies had and received as the theory upon which they would rely for relief. Defendant contends that this was mandated by the Supreme Court in its decision, *supra,* in which it affirmed our holding in the first appeal. We disagree.

In affirming our reinstatement of two of the claims, the Supreme Court discussed the viability of each of plaintiffs' claims separately, and concluded that:

"[T]he plaintiffs have a cause of action against the bank either *ex delicto* for conversion or *ex contractu* for monies had and received."

Contrary to defendant's contention, the Supreme Court did not attempt to limit plaintiffs' relief to either conversion or to monies had and received, one to the exclusion of the other; but instead, it held only that each claim was sufficient to state a claim for relief under C.R.C.P. 12(b)(5). Thus, we conclude that, in the context of this case, plaintiffs were not required to select one theory or the other, and the trial court did not err in failing to require them to do so.

## II.

Defendant's next contention concerns the instructions and interrogatories submitted to the jury. It asserts error in the trial court's refusal to submit its tendered instruction regarding Dayco's alleged negligence. We find no error in refusing the instruction.

The failure to give requested instructions is not error if the matter is covered adequately by other instructions. *Brunner v. Horton,* 702 P.2d 283 (Colo.App.1985).

Here, the jury was properly instructed on the definition of negligence. This instruction as well as the interrogatory concerning plaintiffs' alleged negligence was properly submitted to the jury. The jury found that plaintiff Dayco Corporation was not negligent in the manner in which it processed and accounted for checks received from its customers. We are satisfied that the instructions and interrogato-

ries fully and adequately covered the issues; thus, there was no error in refusing defendant's offered instruction.

### III.

Defendant contends that the trial court found erroneously that plaintiffs were entitled to recover on a third theory of relief not found in the pleadings. We find no need to address this contention.

The jury returned special interrogatories in which it found that plaintiffs had sustained losses as a result of defendant's conversion of the forged instruments. Additionally, the jury also found defendant liable on plaintiffs' theory for monies had and received. As either verdict was sufficient to sustain the judgment entered, it is unnecessary to consider whether the trial court's conclusion as to a third basis for relief was erroneous. *See H.M.O. Systems, Inc. v. Choicecare Health Services, Inc.,* 665 P.2d 635 (Colo.App.1983).

### IV.

■ Defendant's next contention concerns the trial court's award of prejudgment interest to the plaintiffs. Specifically, defendant notes that the employee responsible for the forgeries withdrew the entire sum of money in 1978. Accordingly, defendant argues that, under § 5–12–102(1)(a), C.R.S. (1986 Cum.Supp.), plaintiffs are entitled to interest only from the date of the first wrongful deposit until the date the misappropriated funds were withdrawn from its possession. We disagree, but remand the case for a recalculation of the interest award.

Plaintiffs elected to assert their claim for prejudgment interest under § 5–12–102(1)(a), C.R.S. (1986 Cum.Supp.). That section, in pertinent part, states that:

"[C]reditors shall receive interest as follows:

(a) When money ... has been wrongfully withheld, interest shall be an amount which fully recognizes the gain or *benefit* realized by the person withholding such money or property *from the date of wrongful withholding to the date of payment, or the date judgment is entered,* whichever first occurs...." (emphasis supplied)

The jury found the sum misappropriated to be $48,429.84. That amount was withheld from plaintiffs, and in 1978, prior to the commencement of this action, it was paid by defendant to the employee responsible for the defalcations. Under such circumstances, the only benefit from the wrongful withholding still remained with the bank. It was the bank's choice to turn the money over to someone else. Therefore, the date of judgment controls the ending period of the interest award.

■ However, because the trial court awarded interest from the date of the first forged deposit, we must remand the case for correction of the interest award. Although the act of conversion takes place when the converter takes dominion over the property, the owner's demand for its return and the converter's refusal are predicates to a successful claim. *Glenn Arms Associates v. Century Mortgage & Investment Co.,* 680 P.2d 1315 (Colo.App.1984). Therefore, the bank's wrongful withholding could only have occurred at the time it refused to return the money to its rightful owner. *See Glenn Arms Associates v. Century Mortgage & Investment Co., supra.* Thus, the interest award must be recalculated from the date of the bank's refusal until the date of judgment.

### V.

The defendant also urges that § 4–3–419(3), C.R.S., be applied to this case. We reject that contention because the jury's finding of bad faith in this case negates any application of that section to the case before us.

The judgment is affirmed in all respects except for the amount of prejudgment interest awarded; that portion of the judgment is reversed, and the cause is remanded for recalculation of prejudgment interest.

TURSI and CRISWELL, JJ., concur.