566 P.2d 1088 (1977)
Lawrence E. HAINES, Jr., Plaintiff-Appellant,
v.
COLORADO STATE PERSONNEL BOARD, State Department of Personnel, Division of Parks and Outdoor Recreation, Department of Natural Resources, Rudolph Livingston, State Personnel Director, and George T. O'Malley, Jr., Director, Division of Parks and Outdoor Recreation, Defendants-Appellees.
No. 76-632.
Colorado Court of Appeals, Div. II.
June 30, 1977.
James R. Gilsdorf, Denver, for plaintiff-appellant.
J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Mary A. Rashman, Joel W. Cantrick, Asst. Attys. Gen., Denver, for defendants-appellees.
RULAND, Judge.
Appellant, Lawrence E. Haines, Jr., appeals from a summary judgment which upheld the validity of rules adopted by the *1089 Colorado State Personnel Board for appointment of applicants to positions under the State Personnel system. We affirm.
The relevant facts are not in dispute. In connection with promotional examinations given by the Division of Parks and Outdoor Recreation, Department of Natural Resources, for the position of Park Manager II, plaintiff and two other individuals each obtained a score of 97 and were thus placed first on the eligible list. Three Park Manager II positions were vacant; however, plaintiff was not selected to fill any of the vacancies. Rather, pursuant to Rule 4-7-2(b) of the Colorado State Personnel System, the Board added another eligible individual to the list as each position was filled, thereby providing a list of three applicants for each of the three positions. As a result, persons ranking first, fourth, and fifth on the competitive examinations were appointed to the three positions.
The sole issue on this appeal is whether the rules adopted by the Board for filling multiple vacancies are in conflict with Art. XII, Sec. 13(5) of the Colorado Constitution, and thus invalid.
In resolving this question, a review of the historical background relative to appointment of state personnel is important. From 1918 through 1970, Art. XII, Sec. 13 provided a method of selecting state personnel known as the "rule of one," i. e., the applicant who attained the highest score in a test of competence was appointed to fill each vacancy. See Colo.Const. Art. XII, Sec. 13 as contained in Vol. I, C.R.S.1963. However, the "rule of one" was subjected to substantial criticism, see, e. g., Colorado Committee on Government Efficiency and Economy, Department of Administration 164 (March 1969). Therefore, the 46th and 47th General Assemblies drafted several proposals for submission to the voters as an amendment to the Constitution which would embody a "rule of three." These legislative efforts culminated in House Concurrent Resolution 1019, which was approved in 1970, and referred to the voters in November of that year. See Colo.Sess.Laws 1969, p. 1252. The amendment was adopted, and its provisions became effective July 1, 1971. The Constitution was thus amended to provide:
"The person to be appointed to any position under the personnel system shall be one of the three persons ranking highest on the eligible list for such a position, or such lesser number as qualify, as determined from competitive tests of competence, subject to limitations set forth in rules of the state personnel board applicable to multiple appointments from any such list." Colo.Const. Art. XII, Sec. 13(5) as contained in Vol. I, C.R.S. 1973. (emphasis supplied)
Pursuant to the amendment, the Board adopted Rule 4-7-2(b), which provides:
"When a department submits a requisition to fill more than one position in a class in the same geographic location, three eligibles shall be referred for the first position and one eligible for each additional position, or any lesser number of eligibles who are available."
The only limitation adopted by the Board relative to the "rule of three" is contained in Rule 4-7-5(b), which provides:
"[A]n eligible may be removed from the list by the personnel director when `he has been referred to the same appointing authority three times from any list and is interviewed but not appointed, in which case the Director shall notify him of his right to appeal . . . .'"
Plaintiff contends that where, as here, multiple vacancies exist, Rule 4-7-2(b) grants the appointing authority unlimited discretion, thereby subverting the purpose of competitive examination. Thus, plaintiff reasons that Rule 4-7-2(b) contravenes the purpose and intent of Art. XII, Sec. 13(5). We find no conflict between the rule and the constitutional provision.
The language of Art. XII, Sec. 13(5), is susceptible to different interpretations as to the scope of limitations applicable to multiple appointments, and thus judicial construction is required. Lassner v. Civil Service Commission, 177 Colo. 257, 493 P.2d 1087 (1972). We therefore consider the language of the amendment in the context of *1090 the objective the Article was designed to accomplish and the obvious consequences which follow a possible construction. See Kirschwing v. O'Donnell, 120 Colo. 125, 207 P.2d 819 (1949). It is apparent that the object of the amendment was to replace the "rule of one" with the "rule of three." However, where three vacancies exist, plaintiff's interpretation would reinstate the rule of one. This would defeat the object of the amendment. On the other hand, under the trial court's interpretation of the provision, with which we concur, the competitive examination remains as a critical element of the selection process because an individual must obtain an appropriate score in order to achieve the list of eligible applicants.
In the alternative, plaintiff urges that the legislative history of the amendment demonstrates an intent to safeguard the rights of an individual achieving the highest score on the competitive examination. In support of this contention, plaintiff points to certain drafts of the amendment which provided that if an applicant were twice passed over, the individual was either entitled to seek review by the State Personnel Board, and if the Board found no justifiable reason for failure to appoint the applicant, he or she would be appointed to the next available position. We find this argument unpersuasive.
As indicated above, the history of a statute is important in ascertaining legislative intent, Cass v. Dameron, 125 Colo. 477, 244 P.2d 1082 (1952), rev'd on other grounds, Dameron v. Brodhead, 345 U.S. 322, 73 S.Ct. 721, 97 L.Ed. 1041, and legislative history may be reflected by successive drafts of a bill. See In re Adoption of Shields, 4 Wis.2d 219, 89 N.W.2d 827 (1958). In the present case, the General Assembly considered and ultimately rejected the limitation upon the rule of three urged by plaintiff. In lieu thereof, the amendment vests the Board with the responsibility of adopting limitations on the rule, and the relief selected by it was the right of appeal for an applicant whose name has been removed from the eligible list. Reasonable construction of a statute by administrative officials charged with its enforcement must be given deference by the courts, and we cannot say that the construction given by the Personnel Board here is contrary to the design of Art. XII, Sec. 13(5). Travelers Indemnity Co. v. Barnes, Colo., 552 P.2d 300 (1976).
Judgment affirmed.
SILVERSTEIN, C. J., and ENOCH, J., concur.