CITY OF COLORADO SPRINGS, and Memorial Hospital, an agency of the City of Colorado Springs, Petitioners-Appellants,

v.

The STATE of Colorado, State Board of Social Services, and Department of Social Services, Respondents-Appellees.

No. 81CA0190.

Colorado Court of Appeals,
Div. II.

Jan. 14, 1982.

James G. Colvin, II, City Atty., Jackson L. Smith, Deputy City Atty., Colorado Springs, for petitioners-appellants.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Maurice Knaizer, Asst. Atty. Gen., Denver, for respondents-appellees.

KELLY, Judge.

Petitioners, City of Colorado Springs and its agency, Memorial Hospital, asserted before the trial court that certain regulations promulgated by respondents, State Board of Social Services and Department of Social Services, were issued in excess of their statutory authority. The trial court originally dismissed the petition for lack of standing, but we reversed this disposition and remanded the cause for further proceedings. *City of Colorado Springs v. State of Colorado* (Colo.App. No. 79CA0630, October 18, 1979) (not selected for official publication). This decision is the law of the case. On remand, the trial court held that the regulations were valid. Petitioners appeal and we affirm.

The challenged regulations were promulgated pursuant to the "Colorado Medical Assistance Act," enacted in 1968 and now codified in § 26–4–101, et seq., C.R.S.1973. The purpose of the Act is to provide medical care for individuals not covered by Medicaid whose income and resources are insufficient to meet the costs of necessary medical services. Section 26–4–102, C.R.S.1973. The services to be provided include, *inter alia*, "physicians' services, wherever furnished." Section 26–4–105(*1*), C.R.S.1973.

In 1977, the General Assembly passed Senate Bill No. 581, which appropriated $9,069,453 to the Department of Social Services to reimburse hospitals for inpatient and outpatient care of indigents. Colo.Sess. Laws 1977, Ch. 1, § 6(E) at 75 and footnote 87 at 88. The State Department of Social Services promulgated regulations to govern the disbursement of the allocated funds. The disputed regulation, Rule 8000.3, is now designated as Rule 8.900.3, 10 Code Colo. Reg. 2505–10 at 27. It provides for reimbursement to hospitals for outpatient services rendered by hospital-based physicians. "Hospital based physicians" are physicians whose salary is paid by the hospital and who provide care to indigent patients. Rule 8.900.1(J), 10 Code Colo.Reg. 2505–10 at 24.-02.

Petitioner, which has no "hospital based physicians," contends that the State Department of Social Services exceeded its statutory authority when it promulgated Rule 8.900.3 because the appropriation bill did not provide for reimbursement to hospitals for salaries of hospital-based physicians. Petitioners note that an amendment to the 1977 appropriations bill which would have provided $100,000 to pay doctors for their in-hospital services was defeated. However, respondents point out that the defeat of the amendment does not mean the General Assembly did not intend to reimburse for hospital-based physicians' services: The amendment may have been defeated because the General Assembly considered this expense to be covered by the bill in its final form. The trial court distinguished the proposed amendment because it referred only to direct payments to doctors and not to reimbursement to hospitals which have already paid their doctors.

Ordinarily, the history of a statute is important in ascertaining the legislative intent. *Haines v. Colorado State Personnel Board*, 39 Colo.App. 459, 566 P.2d 1088 (1977). However, the inferences petitioners seek to draw from the rejection of the amendment here do not persuade us that the General Assembly intended to forbid reimbursement for hospital-based physicians' services.

The question whether the Board exceeded its statutory authority is governed by the test set out in *Swisher v. Brown*, 157 Colo. 378, 402 P.2d 621 (1965).

"It is not necessary that the legislature supply a specific formula for the guidance of the administrative agency in a field where flexibility and adaption of the legislative policy to infinitely variable conditions constitutes the essence of the program. The modern tendency is to permit liberal grants of discretion to administrative agencies in order to facilitate the administration of laws dealing with involved economic and governmental conditions."

This test recognizes that the General Assembly may allow an agency to fill in the details of an enactment. *Lloyd A. Fry Roofing Co. v. State of Colorado Department of Health Air Pollution Variance Board*, 179 Colo. 223, 499 P.2d 1176 (1972).

The 1977 appropriations bill neither allows nor disallows reimbursement to hospitals for hospital-based physicians' services. The decision whether to provide such reimbursement is one of the details properly delegated to the appropriate agency. Since the Act specifically provides for the coverage of physicians' services, § 26–4–105(*1*), C.R.S.1973, the Board did not exceed its authority in providing for reimbursement for this particular type of physicians' services. We agree with the trial court's conclusion that such reimbursement facilitates the purpose of the Act, which is to promote public health and welfare by providing medical services to indigents.

We find no merit in the other contentions of the petitioners.

The judgment is affirmed.

VAN CISE and TURSI, JJ., concur.