THE STATE, EX REL. BLOOMINGDALE, APPELLANT, *v.*
CITY OF FAIRBORN ET AL., APPELLEES.

[Cite as State, ex rel. Bloomingdale, *v.* Fairborn (1983), 2 Ohio St. 3d 142.]

(No. 82-542—Decided January 5, 1983.)

*Messrs. Brannon & Cox, Mr. Victor A. Hodge* and *Mr. Dwight D. Brannon,* for appellant.

*Mr. Gerald E. Schlafman,* city solicitor, for appellees.

CLIFFORD F. BROWN, J. Section 10, Article XV of the Ohio Constitution establishes the principle of civil service hiring on merit and fitness.[1] The city of Fairborn, a charter city, expressly adopts the merit and fitness principle in its charter, as the *sole* standard for hiring and promotion.[2] Relator-appellant challenges the validity of the city's hiring practices, claiming they violate the merit and fitness principle. He cites the city's failure to appoint him to a posi-

---

[1] Section 10, Article XV, Ohio Constitution, provides:

"Appointments and promotions in the civil service of the state, the several counties, and cities, shall be made according to merit and fitness, to be ascertained as far as practicable, by competitive examinations. Laws shall be passed providing for the enforcement of this provision."

[2] Section 4.02 (a), Article IV, city of Fairborn Charter, provides as follows:

*"Merit Principle.* All appointments, promotions and pay plan step increases of City officers and employees shall be made solely on the basis of merit and fitness demonstrated by examination or other evidence of competence."

tion as police officer, due to the "no relatives" policy adopted by the city council as part of its Affirmative Action Plan.[3]

On August 2, 1976, the city council adopted Resolution No. 69-76, which enacted an affirmative action plan for the city. Section VI (A)(4), entitled "Employment of Relatives," provides as follows:

"The city shall not deny an employment opportunity or promotion to an individual solely on the basis that a relative of this individual is employed or is being considered for employment with the city, however, *it shall be the policy of the city to avoid employing relatives, especially those within the immediate family, in positions which may require direct supervisory or administrative control of one relative over another relative."* (Emphasis added.)

The emphasized language clearly states a policy against hiring relatives of persons employed in a supervisory capacity in the department to which application is made. No ordinance, however, can conflict with the provisions of a city charter provision and be effective. *Reed* v. *Youngstown* (1962), 173 Ohio St. 265 [19 O.O.2d 119], paragraph two of the syllabus. For that reason, we find the "no relatives" policy conflicts with the merit and fitness provision of the city charter, and is therefore of no effect.

The city charter provision requires all appointments and promotions be made "solely on the basis of merit and fitness demonstrated by examination or other evidence of competence." The "no relatives" policy, however, penalizes an applicant for a condition over which he or she has no control. The mere existence of some blood or marriage connection acts to deprive an applicant of the impartial evaluation of competence mandated by city charter.

---

[3] Appellant also contends the existence of multiple lists from which appointments may be made violates the merit and fitness principle. Various sections of the city's Personnel Rules and Regulations authorize the creation of different eligibility lists. See Section 3.8 of Rule III, the "Initial Employment Eligible List," on which relator's name appeared; Section 3.15 which creates a "separate Police Officer eligible list for Police Cadets"; Section 4.3 of Rule IV which creates a "Promotion Eligible List" for current employees; and Section 4.7 which creates a "Reinstatement Eligible List" for former employees. Also, Section 4.5 authorizes transfers from one department or division to another, although such listings are not denominated as "eligible lists" in the rules and regulations. Thus, as many as five separate lists of eligible persons may be available for any given position opening.

The rules and regulations also specify which lists are to be given priority. Section 4.8 of Rule IV ranks the reinstatement list first, the promotional list second, and the initial employment list last. Testimony at trial indicated that transfers are given priority over those who have placed on the competitive lists. Therefore, implicit in the city's rules and regulations is the policy of preferring "in-house" hiring over those seeking city employment for the first time.

Although appellant briefed the question whether these multiple lists and the priorities assigned them violate the merit and fitness principle, and addressed the point at oral argument before this court, we need not decide the issue now. The trial court expressly refrained from deciding the legality of the transfer appointments, and the court of appeals also failed to decide the question. Moreover, our disposition of this matter on the "no relatives" policy issue alone obviates the need to rule on the legality of the prioritized multiple lists. Accordingly, we express no opinion on the matter.

The merit principle which is an integral part of the civil service system already precludes hiring based merely on familial relationship. The city charter expressly guarantees that an individual will not be hired solely on the basis of his last name. By placing at the top of two competitive eligibility lists, relator demonstrated his merit and fitness for the position of police officer. Testimony at trial demonstrated that the only reason he was not appointed was his family relation to a current member of the department. Such a blanket prohibition, as applied by the city hiring authorities, clearly contravenes the merit and fitness principle expressed in the city charter. Even though that document requires merit and fitness to be the sole determinant for hiring, so far as this candidate is concerned, the city rendered a circumstance of fortune as the determining factor in refusing relator his deserved appointment.

In its brief, the city argues that the "no relatives" policy is merely an expression of the city's definition of merit and fitness. A former manager of the city, Claude D. Malone, testified that having relatives in the same department, one with supervisory capacity, is a deterrent to good management, creates morale problems, and creates closed employment practices. A former personnel director of the city, Jack Tamplin, stated that absenteeism was created when a relative would "pass away" and three or four people from the same department would attend the funeral.

However, whatever the merits of these perceived problems, there is no evidence that relator's merit and fitness as an individual applicant was in any way impugned by his relationship to his father. Rather, testimony by Lt. Richard Bloomingdale indicated that the more he knows an officer, the better he can supervise him and the more productivity he can receive from him.

In short, we find that the application of the "no relatives" policy by the city contravenes its charter requirement that hiring be on the sole basis of merit and fitness, because it precluded consideration of relator's individual qualifications.

Accordingly, the decision of the court of appeals is reversed, and the judgment of the trial court ordering appointment of appellant as police officer, provided he passes the required physical examination, and scheduling a hearing for damages, is reinstated.

*Judgment reversed*
*and cause remanded.*

CELEBREZZE, C.J., PATTON, SWEENEY, LOCHER and KOEHLER, JJ., concur.

HOLMES, J., dissents.

PATTON, J., of the Eighth Appellate District, sitting for W. BROWN, J.

KOEHLER, J., of the Twelfth Appellate District, sitting for KRUPANSKY, J.

HOLMES, J., dissenting. In the review of statute or ordinance upon the claim of unconstitutionality, there is a strong presumption that a classification scheme is valid, absent the presence of an inherently suspect classification, which is not the case here. *Dandridge* v. *Williams* (1970), 397 U.S. 471.

The right to public employment is not fundamental in an equal protection context. *Massachusetts Bd. of Retirement* v. *Murgia* (1976), 427 U.S. 307. Therefore, less than strict scrutiny is required in reviewing this ordinance, and the rational basis test would be applied. The burden rests upon the challenger to demonstrate that the administrative classification here is not rationally designed to further a legitimate governmental purpose. *Madden* v. *Kentucky* (1940), 309 U.S. 83.

The policy of the city of Fairborn, and as applied by the city manager, did not bar this appellant from employment in the other departments of the city, but only from employment in the police department where his father is a supervisor. This was a constitutional enactment of an appropriate employment rule or standard as the relationship of a job applicant to a supervisor in the same department is a factor to be considered in determining merit and fitness for the position under the Personnel Rules and Regulations of the city of Fairborn. This rule is in harmony with the city charter provision — not in conflict therewith.

In my view, the appellant did not sustain his burden of proof of the unconstitutionality of this ordinance. Therefore, I would affirm.