David Lee **HOWARD**,
Plaintiff-Appellant,

v.

**COLORADO DEPARTMENT OF REVENUE, and Alan Charnes, Executive Director of said Department, Defendants-Appellees.**

No. 82CA1196.

Colorado Court of Appeals,
Div. III.

Feb. 23, 1984.

Rehearing Denied March 22, 1984.

The Office of Harry J. Holmes, Carol J. Huber, Ilene Buchalter, Longmont, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., James R. Willis, Asst. Atty. Gen., Denver, for defendants-appellees.

STERNBERG, Judge.

The plaintiff, David Lee Howard, appeals the district court's affirmance of an order of the Department of Revenue. That order denied him a probationary license following suspension of his driver's license for accumulating excess points within a period of less than 12 months. We affirm.

Howard's license had been suspended on September 8, 1977, for accumulating excess points, and a probationary license was issued. This accumulation of points did not include an alcohol-related conviction. His license was reinstated on July 25, 1978.

Thereafter, between August 1, 1980, and July 11, 1981, Howard was twice convicted of speeding (each four point violations) and once of driving while his ability was impaired by the consumption of alcohol (an eight point violation). His license was suspended because of this accumulation of points.

Howard requested a second probationary license pursuant to § 42-2-123(13)(a), C.R.S. (1983 Cum.Supp.), which request was denied following a hearing on June 23, 1982. The district court affirmed, and this appeal followed.

The focal point of this appeal is the construction of a provision contained in § 42-2-123(13)(a), as worded at the time of the second suspension. That section had been amended effective October 1, 1979, to provide that any individual who had his license suspended, at least in part, because of a conviction involving alcohol or drugs, should be entitled to a probationary license for employment, education, health, or alcohol or drug education or treatment purposes, subject to certain restrictions.

However, included in the amendment was this provision: "No person shall be issued a second probationary license *under this section* within a five-year period." (emphasis added) *See* Colo.Sess.Laws 1979, ch. 415 at 1583-84. Because Howard was issued a probationary license on September 8, 1977, the Department of Revenue contends that this provision precluded him from obtaining a second probationary license.

■ Howard counters this contention by asking that we examine the legislative history of this amendment, asserting that the General Assembly did not intend it to serve as a blanket prohibition against the issuance of two probationary licenses within a five-year period. Rather, he contends the amendment was intended only to prohibit the issuance of two probationary licenses within a five-year period following two alcohol or drug-related suspensions. Thus, because his first suspension was not alcohol or drug-related, Howard argues the provision in question is inapplicable to his case. We disagree.

■ The language of the statute is unambiguous. Section 42-2-123(13)(a) contains the phrase, "under this section." Howard argues that the General Assembly,

although using the word "section," intended it to mean "subsection." He notes that subsection (13) relates only to alcohol or drug-related suspensions. However, we may not explore legislative history relative to this provision because there is no ambiguity in the language, nor does the statute as written lead to an absurd result. Thus, there is nothing to interpret. *Tompkins v. DeLeon*, 197 Colo. 569, 595 P.2d 242 (1979); *Lassner v. Civil Service Commission*, 177 Colo. 257, 493 P.2d 1087 (1972). *See also Stewart v. PERA*, 43 Colo.App. 25, 612 P.2d 1141 (1979).

Had the General Assembly intended the prohibition to apply only to subsection (13) it could have accomplished this result by using the word "subsection" instead of "section" in that portion of the statute. It did not do so. For us to rewrite this clear, unambiguous and not illogical statute to comport with what Howard argues was really intended would be for us to invade the domain of the General Assembly.

Indeed, it is apparent that when the General Assembly wished to indicate a specific subsection, it used the word "subsection," and when it referred to the general section, it used the word "section." Section 42–2–123 is replete with references to "section" or "subsection." And, in C.R.S. (1980 Repl. Vol. 1B) at xiv, "section" and "subsection" are distinguished. Accordingly, to accept defendant's argument would give a "[f]orced, subtle, strained or unusual interpretation" where "the language is plain, its meaning is clear, and no absurdity is involved." *Harding v. Industrial Commission*, 183 Colo. 52, 515 P.2d 95 (1973).

▮ In any event, Howard contends that the amendment could preclude his second application for a probationary license only if applied retroactively. Noting that his first probationary license was granted more than two years before the effective date of the 1979 amendment, he argues that the amendment cannot be applied to acts committed before its effective date. We do not agree.

▮ Howard argues that an amendment to a statute is not to be given retroactive application unless a contrary intent is clearly manifested therein. However, a statute is not considered to be retroactive in its application merely because the facts upon which it operated occurred before its effective date. *McCartney v. West Adams County Fire Protection District*, 40 Colo. App. 330, 574 P.2d 516 (1978).

Here, the amendment did not become material until Howard applied for his second probationary license, which occurred after the effective date ·of the amendment. Hence, it was not retroactively applied.

The other allegations of error are without merit.

The judgment is affirmed.

VAN CISE and METZGER, JJ., concur.