**S.W. DEVANNEY & CO., INC. and Stephen W. Devanney, Plaintiffs–Appellees,**

**v.**

**Royce GRIFFIN, as Commissioner of Securities for the State of Colorado, Defendant–Appellant.**

**No. 86CA0566.**

Colorado Court of Appeals, Div. III.

Feb. 4, 1988.

Rehearing Denied March 3, 1988.

Certiorari Granted (Griffin) July 11, 1988.

refused to allow the Commissioner to remove copies of the records from the premises. The Commissioner intended to disseminate information derived from its examination to other state commissioners and securities regulatory agencies.

Plaintiffs then filed suit to enjoin the Commissioner from distributing information regarding Devanney, and requested a declaratory judgment. In March 1985, the parties entered into a settlement agreement of a portion of the issues before the trial court. The trial court then directed the parties to file cross-motions for summary judgment addressing the remaining contentions. In ruling on the motions, the trial court held that § 11–51–117(2), C.R.S. (1987 Repl.Vol. 4B), prohibits the Commissioner from disclosing information obtained from Devanney's books and records to other state commissions and other regulatory agencies, even under an agreement of confidentiality, unless those entities are involved in enforcement of the Colorado Securities Act of 1981.

Bucholtz, Bull & Ewing, P.C., James C. Bull, Keith Frankl, Denver, for plaintiffs-appellees

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Eugene C. Cavaliere, Deputy Atty. Gen., Suzanne A. Fasing, Asst. Atty. Gen., Denver, for defendant-appellant.

Joseph C. Long, Robert H. Davenport, amicus curiae North American Securities Administrators Ass'n, Inc.

BABCOCK, Judge.

Defendant, the Colorado Commissioner of Securities (Commissioner), appeals the summary judgment entered in favor of plaintiffs. Plaintiff Steven W. Devanney is the principal and chief executive officer of plaintiff S.W. Devanney & Co. (Devanney), a securities broker-dealer. We affirm.

The relevant facts are not disputed. In July 1982, an employee of the Commissioner entered the Devanney's premises to examine its books and records. Devanney

I.

Defendant's principal contention on appeal is that § 11–51–117(2), C.R.S. (1987 Repl.Vol. 4B) does not prohibit the dissemination of copies of Devanney's books and records to other law enforcement and government regulatory agencies under an agreement of confidentiality. We disagree.

Section 11–51–117(2) states in pertinent part:

"No provision of this article authorizes the securities commissioner or any of his officers or employees to disclose any such information except among themselves or when necessary or appropriate in a proceeding or investigation under this article. No provision of this article either creates or derogates from any privilege which exists at common law or otherwise when documentary or other evidence is sought under a subpoena directed to the securities commissioner or any of his officers or employees."

If the statutory language is clear and the legislative intent appears to be

reasonably certain, there is no need to resort to other rules of statutory construction. *People v. District Court,* 713 P.2d 918 (Colo.1986). Appellate courts must give effect to the plain meaning of statutory language. *People v. Deadmond,* 683 P.2d 763 (Colo.1984).

■ Contrary to the assertions of the Commissioner, § 11–51–117(2), C.R.S. (1987 Repl.Vol. 4B) is clear on its face. Under this statute, the Commissioner, or his agents, may not disclose information obtained in the course of an investigation to parties outside the office of the Colorado Securities Commission. The presence or absence of a "confidentiality agreement" is irrelevant under the plain language of this statute.

Although we need not inquire into legislative history to determine legislative intent here, *see Howard v. Colorado Department of Revenue,* 680 P.2d 1336 (Colo.App.1984), our holding is further supported by the history of the Colorado securities regulatory legislation. Legislative intent may be inferred from an examination of successive drafts of a bill or statute. *Haines v. Colorado State Personnel Board,* 39 Colo.App. 459, 566 P.2d 1088 (1977).

Prior to 1981, § 11–51–111(4), C.R.S., which was adapted from Uniform Securities Act § 203, provided:

"All the records referred to in subsection (1) of this section are subject at any time or from time to time to such reasonable periodic, special or other examinations by representatives of the securities commissioner, within or *without this state, as the securities commissioner deems necessary or appropriate in the public interest or for the protection of investors.* For the purpose of avoiding unnecessary duplication of examinations, the securities commissioner, insofar as he deems it practicable in administering this subsection (4), *may cooperate with the securities administrators of other states, the securities and exchange commission, and any national securities exchange or national securities association registered under the 'Securities Exchange Act of 1934.'"* (emphasis added)

Thus, prior to 1981, the General Assembly explicitly granted the Commissioner authority to share information with other state commissioners and agencies. In 1981, the entire act was repealed and reenacted. The reenacted form no longer gives the Commissioner authority to disseminate information to outside commissioners and agencies.

We conclude that the history of the Colorado Securities Act of 1981 reveals that the General Assembly intended to curtail the power of the Commissioner to disseminate information obtained pursuant to an investigation. Hence, the trial court did not err in granting summary judgment in favor of plaintiffs on this issue.

Because of our disposition of the Commissioner's principal contention, we do not reach the secondary issue of whether the material obtained in an investigation constitutes a "public document."

Judgment affirmed.

STERNBERG and TURSI, JJ., concur.