**Bill BUTERO, a/k/a William Butero, Complainant–Appellant,**

v.

**DEPARTMENT OF HIGHWAYS and State Personnel Board, Respondents–Appellees.**

**No. 86CA1547.**

Colorado Court of Appeals, Div. III.

Nov. 10, 1988.

Rehearing Denied Dec. 8, 1988.

Certiorari Denied April 10, 1989.

Vonda G. Hall, Denver, for complainant-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Steven A. Chavez, Asst. Atty. Gen., Denver, for respondents-appellees.

CRISWELL, Judge.

Complainant, Bill Butero, seeks review of an order of the State Personnel Board upholding the appointing authority's refusal to promote him to a higher position within the Department of Highways (department). We affirm.

It was stipulated that the basis for the appointing authority's refusal to select complainant for the particular position was that, had he been selected, he would have been required to report to his father, who was a supervisor in the department. When an advisory panel recommended complainant for promotion, the appointing authority offered to assure complainant's promotion to the same level position, provided either he or his father agreed to be transferred to another geographical location so that there would be no direct supervision exercised by complainant's father over him. When both refused such a transfer, the appointing authority selected one of the other two persons whose name appeared as one of the top three on the eligibility list for promotion.

The evidence submitted during the course of complainant's grievance proceedings established that there had been a few instances in the past in which close relatives had occupied a superior-subordinate relationship in the department at the geographical location here involved. However,

that evidence did not establish that the person who was the appointing authority when the instant promotion was made had any hand in appointing any of those persons to the positions involved. Thus, the evidence in this case would not support the finding, and complainant does not assert, that this appointing authority's action in this case was inconsistent with appointments previously made by him.

Colo. Const. art. XII, § 13(1), states, among other things, that "promotions within the state personnel system ... shall be made according to merit and fitness." Colo. Const. art. XII, § 13(5), adopts the so-called rule-of-three system and authorizes the appointment to a state position of any "one of the three persons ranking highest on the eligible list" for the position, as determined by "competitive tests of competence."

In implementing this merit principle, the State Personnel Board has decreed that no person applying for a state position shall be discriminated against, "except for *bona fide* occupational reasons." Such discrimination, therefore, cannot be based upon such factors as race, color, creed, sex, "or other non-merit factor." State Board of Personnel Policy 11–1, 4 Code Colo. Reg. 801–1.

■ The complainant recognizes that a necessary ingredient of the rule-of-three system is the discretion of the appointing authority to select any of the highest three applicants. *See Haines v. Colorado State Personnel Board*, 39 Colo.App. 459, 566 P.2d 1088 (1977). Thus, an appointing authority's selection cannot be overturned absent the violation of the constitution, statute, or regulation, or on proof of some other positive illegality. However, complainant argues that his relationship with his father does not relate to his "merit or fitness" under the constitution and, accordingly, constitutes a "non-merit factor" under the pertinent regulation. Since the parties' stipulation establishes that, but for this factor, complainant would have been selected for promotion, he concludes that the failure to select him was illegal. We disagree.

Valid personnel management concepts recognize that placing a person in direct supervisory control over another employee who is that person's close relative may lead to claims of favoritism. Such claims, whether or not justified, may have a substantial adverse effect upon general employee morale and a consequent loss of efficiency. In recognition of the validity of this consideration, many state and local governments have adopted "anti-nepotism" regulations that prohibit the employment of close relatives in the same employee unit.

A majority of courts considering the issue has upheld such legislation against attacks that it offends against some federal or state constitutional provision. *E.g., Keckeisen v. Independent School District*, 509 F.2d 1062 (8th Cir.1975), *cert. denied*, 423 U.S. 833, 96 S.Ct. 57, 46 L.Ed.2d 51 (1975); *French v. Board of Education*, 54 Cal.App.2d 148, 128 P.2d 722 (1942). *Contra State ex. rel. Bloomingdale v. City of Fairborn*, 2 Ohio St.3d 142, 443 N.E.2d 181 (1983). *See generally* Annot., 11 A.L.R. 4th 826 (1982).

■ Considering the real problems that may be presented by the employment of close relatives, we conclude that a close familial relationship between an employment applicant and a prospective supervisor relates to that applicant's "fitness" for the position within the meaning of the pertinent constitutional provision. It is not, therefore, a "non-merit factor" under the regulation.

■ Thus, if, as here, there is no showing that an appointing authority has applied a non-nepotism policy in an uneven or discriminatory manner, then the appointing authority may validly consider a familial relationship in determining which of the three highest applicants on an eligibility list is to be selected for an available position. Moreover, the appointing authority may choose not to appoint an applicant whose close familial relationship to another employee could give rise to later charges of favoritism, irrespective of whether there is any evidence that the specific relative in-

volved would in fact engage in such favoritism.

ORDER AFFIRMED.

VAN CISE and STERNBERG, JJ., concur.