David G. HILL and Joan S. Hill,
Plaintiffs–Appellants,

v.

Richard BEHRMANN and Left Hand
Ditch Company, a Colorado corpo-
ration, Defendants–Appellees.

No. 94CA1075.

Colorado Court of Appeals,
Div. IV.

Aug. 24, 1995.

Rehearing Denied Sept. 28, 1995.

Certiorari Granted March 11, 1996.

David G. Hill, Boulder, for plaintiffs-appellants.

Lirtzman & Nehls, P.C., Richard C. Nehls, Boulder, for defendants-appellees.

Opinion by Judge DAVIDSON.

In this action brought under the Colorado Corporation Code (the Code), plaintiffs, David G. Hill and Joan S. Hill, appeal from the dismissal pursuant to C.R.C.P. 12(b)(5) of their claim seeking an order to inspect and copy the shareholder list of defendant Left Hand Ditch Company (Left Hand) and their claim for a penalty against defendant Richard Behrmann, president of Left Hand, for failing to allow such inspection. We affirm in part, reverse in part, and remand with instructions.

According to the complaint, the Hills own 33 shares of stock in Left Hand, a mutual ditch company. As pertinent here, the Hills made two separate written requests for inspection of Left Hand's shareholder list, by-laws, and articles of incorporation.

The Hills' requests were made pursuant to the Code, § 7-5-117, C.R.S. (1986 Repl.Vol. 3A), which provides, in pertinent part, a right to inspect "books and records of account, minutes, and record of holders of shares" to any qualifying record shareholder, upon written demand stating a proper purpose for the inspection. The Hills' stated purposes for their requests were to facilitate renting or selling their shares, to improve their understanding of the company's future, and to communicate better with other shareholders concerning company affairs.

Left Hand denied Hills' request to inspect the shareholder list.

The Hills thereafter filed this action, requesting that Left Hand be ordered to allow

them to inspect and copy Left Hand's shareholder list. They also requested that a penalty be assessed against Behrmann pursuant to § 7–5–117(4), C.R.S. (1986 Repl.Vol. 3A) for failing to allow the requested inspection.

The trial court granted the defendants' motion to dismiss pursuant to C.R.C.P. 12(b)(5) on the ground that Left Hand was a nonprofit mutual ditch corporation to which the statutory right of inspection did not apply. The trial court also determined that the statute superseded any common law right of inspection which may have existed prior to the enactment of the shareholder inspection statutes.

■ Because the Hills' claims were dismissed for failure to state a claim upon which relief may be granted, we must assume that the material allegations of the complaint are true for the purposes of this review. *See Halverson v. Pikes Peak Family Counseling & Mental Health Center, Inc.*, 795 P.2d 1352 (Colo.App.1990). Motions to dismiss for failure to state a claim are viewed with disfavor and may be granted only if it appears that the plaintiff would not be entitled to any relief under the facts pleaded. *See National Surety Corp. v. Citizens State Bank*, 41 Colo. App. 580, 593 P.2d 362 (1978), *aff'd* 199 Colo. 497, 612 P.2d 70 (1980).

■ We also note that statutory interpretation is an issue of law; thus, this court is not bound by the trial court's interpretation of the statutory right to inspection. *See People v. Terry*, 791 P.2d 374 (Colo.1990).

## I.

### A.

A ditch company such as Left Hand, duly organized pursuant to § 7–42–101, et seq., C.R.S. (1986 Repl.Vol. 3A) (Ditch Act) is, by definition, a corporation. However, Left Hand contends, as a threshold matter, that any statutory provisions of corporate governance which may apply to other types of corporations do not apply to mutual ditch companies because such companies are not "true" corporations. We disagree.

■ Unlike other types of corporations in which a shareholder does not have a specific property right in the corporate property, the shares in a mutual ditch company represent water rights and a corresponding interest in the ditch by which the water right is transported. *See Jacobucci v. District Court*, 189 Colo. 380, 541 P.2d 667 (1975). *See also Great Western Sugar Co. v. Jackson Lake Reservoir & Irrigation Co.*, 681 P.2d 484 (Colo.1984).

Mutual ditch companies have been treated differently from other types of corporations when the nature of the shareholders' underlying water rights was material to the issue raised. *See Public Service Co. v. Blue River Irrigation Co.*, 753 P.2d 737 (Colo.1988) (identity of stockholders in mutual ditch company relevant in water diligence proceeding); *Jacobucci v. District Court, supra* (mutual ditch company shareholders indispensable parties in condemnation proceedings); *Southeastern Colorado Water Conservancy District v. Fort Lyon Canal Co.*, 720 P.2d 133 (Colo.1986) (state may own stock in mutual ditch company without violating constitutional principles).

■ There is no reason, however, that a mutual ditch company should be treated differently from any other type of corporation in a matter of general corporate governance, such as whether its shareholders have a statutory right to inspect the shareholder list.

### B.

Consequently, we must address the Hills' assertion that the trial court's statutory interpretation was erroneous.

Section 7–1–103(4), C.R.S. (1986 Repl.Vol. 3A) provides that:

> *[The Code] shall apply to corporations of every class, including classes organized under and governed by other statutes of Colorado, to the extent that it is not inconsistent with the other statutes.* Nothing contained in [the Code] shall apply to nonprofit corporations organized under [the Nonprofit Corporation Act], nor to any nonprofit corporation which has elected to accept the provisions of [that Act]. (emphasis added)

It is undisputed that Left Hand is not a "for profit" corporation. As we have stated, Left Hand is organized under the Ditch Act. It is not incorporated under the Nonprofit Corporation Act, § 7–20–101, et seq., C.R.S. (1986 Repl.Vol. 3A).

The Hills contend that, pursuant to § 7–1–103(4), the provisions of the Code are applicable to all corporations not incorporated under the Nonprofit Corporation Act, including mutual ditch companies organized under the Ditch Act except to the extent the Code provisions conflict with the specific provisions of the Ditch Act. The Hills further contend that because the Ditch Act is silent on the issue of shareholder inspection rights, the general statutory provisions of the Code, including § 7–5–117, must apply to Left Hand. We agree.

Within the Code, "corporation" is defined as follows: "unless the context otherwise requires: 'Corporation' ... means a corporation for profit subject to the provisions of [the Code]." Section 7–1–102, C.R.S. (1986 Repl.Vol. 3A).

Relying on this provision, the trial court determined that, under the Code, a corporation which is not "for profit" is not a "corporation." Thus, it reasoned that the provision in § 7–1–103(4), stating that the Code applies to "corporations of every class," refers only to corporations for profit. Therefore, the court concluded that because Left Hand is a nonprofit corporation, it is not required to provide the Hills with its shareholder list. We disagree.

First, we note that, although the definition of "corporation" in § 7–1–102 refers to "for profit" corporations, this definition is qualified by the phrase "unless the context otherwise requires."

■ Secondly, our primary goal in construing a statute is to determine and give effect to the intent of the General Assembly. *Jones v. Cox*, 828 P.2d 218 (Colo.1992). The history of the statute is important in determining such legislative intent. *Haines v. Colorado State Personnel Board*, 39 Colo. App. 459, 566 P.2d 1088 (1977). Also, a construction which would render part of the statute meaningless should be avoided. *People v. Terry, supra.*

■ Applying these principles of statutory construction, we find it apparent that the General Assembly intended that the Code supply general provisions of corporate governance, as pertinent here, to mutual ditch companies organized under the Ditch Act to the extent the Code does not conflict with that Act.

The Ditch Act has been in the same general form since before Colorado statehood and was a part of the general incorporation code in effect prior to the adoption of the Code in 1958. The Ditch Act specifically referred to the general corporation code in its provision concerning requirements for articles of incorporation. And, after 1958, the Ditch Act continued to refer specifically to the Code. *See* C.R.S. 1963, 31–14–1, et seq.

The Nonprofit Corporation Act, which was enacted in 1967, added an alternative scheme of governance for nonprofit corporations. These corporations could choose to be governed by the Nonprofit Corporation Act, rather than by the Code, either by organizing under the Nonprofit Corporation Act or, for corporations organized prior to the effective date of the Nonprofit Corporation Act, by electing to accept the provisions of that act. Section 7–20–103, C.R.S. (1986 Repl. Vol. 3A).

At the same time the Nonprofit Corporation Act was amended, the Ditch Act was amended to replace specific reference to matters required by the Code with a more general reference to matters "otherwise" required. It also was amended specifically to grant to a ditch or reservoir company organized under the Nonprofit Corporation Act all of the rights and powers granted to corporations organized under the Ditch Act. *See* Colo.Sess.Laws 1967, ch. 327, § 31–14–1 at 656.

■ Hence, we conclude that, as pertinent here, the Code provides that a corporation is governed by the Code unless it is incorporated under the Nonprofit Corporation Act. Specifically, contrary to Left Hand's contention, the phrase "corporations of every class" contained in § 7–1–103(4) refers to all corpo-

rations, whether profit or nonprofit. Any other construction would be inconsistent with the statutory scheme and would render meaningless the language in the statute exempting nonprofit corporations which have organized under the Colorado Nonprofit Corporation Act from governance under the Code.

◼ For similar reasons, we reject Left Hand's assertion that the inspection requirement set forth in § 7-5-117 does not apply to a nonprofit corporation because that particular provision applies only to for-profit corporations. Left Hand premises this contention on the fact that only certain provisions of the Code, such as § 7-5-117, use the phrase "of a corporation." Left Hand argues that this phrase refers to the Code definition of corporation set forth at § 7-1-102 ("corporation" means "a corporation for profit") and, thus, confines the applicability of such provisions exclusively to for-profit corporations. We perceive no basis for this distinction.

The Ditch Act, as we have determined, provides no comprehensive scheme for corporate governance. If we were to adopt Left Hand's construction, a mutual ditch company organized under the Ditch Act and not under the Nonprofit Corporation Act would have the statutory authority to incorporate, but would have no statutory grant of power, for example, to elect or appoint officers and agents or to make and alter bylaws to administer the corporation's affairs. See §§ 7-3-101(1)(k) and 7-3-101(1)(l), C.R.S. (1986 Repl.Vol. 3A) (using the phrase "of the corporation"). This result is impractical as well as illogical. See People v. Bergen, 883 P.2d 532 (Colo.App.1994).

Moreover, the Nonprofit Corporation Act, § 17-24-109, C.R.S. (1986 Repl.Vol. 3A), provides a right of inspection similar to that set forth in the Code. Again, from our reading of the applicable statutory scheme, we see no logical basis, nor does Left Hand suggest any, for any difference in treatment in this regard between a ditch company organized under the Ditch Act and a ditch company organized under the Nonprofit Corporation Act.

## II.

Left Hand also argues that, even if § 7-5-117 is applicable to a mutual ditch company, the claim against Behrmann was properly dismissed. We agree, albeit on grounds different from those relied on by the trial court.

The trial court dismissed the Hills' claim for imposition of a penalty against Behrmann on the ground that the Code did not apply. Although we have determined that this conclusion was erroneous, no penalty can be imposed under the Code pursuant to the savings provisions of the recently enacted Colorado Business Corporation Act. Consequently, dismissing Behrmann from the action was proper. See Skinner v. Industrial Commission, 152 Colo. 97, 381 P.2d 253 (1963) (appellate courts should uphold a correct result, even if the trial court's reasoning was incorrect).

Section 7-117-103(2), C.R.S. (1994 Cum. Supp.) provides that: "If a penalty or punishment imposed for violation of any provision of the [Code] is reduced by articles 101 to 117 of this title [Colorado Business Corporations Act], the penalty or punishment, if not already imposed, shall be imposed in accordance with said articles 101 to 117."

◼ Contrary to the Hills' contention, Colo. Const. art. II, § 11, does not prohibit the retroactive application of a statutory provision abolishing a penalty to an action commenced prior to repeal of the statute providing for the penalty. The abolition of an old remedy, or the substitution of a new one, neither constitutes the impairment of a vested right nor the imposition of a new duty, for there is no such thing as a vested right in remedies. Continental Title Co. v. District Court, 645 P.2d 1310 (Colo.1982).

◼ The General Assembly manifested its intent in § 7-117-103 to give the Colorado Business Corporations Act retrospective operation with regard to remedies available for violations of the Code. The Colorado Business Corporations Act no longer contains any provisions for a statutory penalty for refusal to permit stockholders to inspect corporate records. Therefore, the claim for the statutory penalty against Behrmann was properly dismissed.

### III.

Our disposition of this matter makes it unnecessary to address the Hills' remaining contentions.

That portion of the judgment dismissing the Hills' claims against Behrmann is affirmed. The remaining portion of the judgment relating to the Hills' request for an order to allow inspection of the shareholder list is reversed, and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

MARQUEZ and KAPELKE, JJ., concur.