**Michael M. LOCKETT, Kathryn J. Achatz, and Lee McMahon, Plaintiffs–Appellants,**

v.

**Edith GARRETT, Frances Roe, and Leslie M. Heiman, Defendants–Appellees.**

No. 98CA0589.

Colorado Court of Appeals, Div. III.

June 10, 1999.

John M. Cogswell Law Offices, Michael J. Heaphy, Buena Vista, Colorado, for Plaintiffs–Appellants.

Robert D. Conover, Buena Vista, Colorado, for Defendants–Appellees.

Opinion by Judge MARQUEZ.

In this action for defamation based on statements in recall petitions, plaintiffs, Michael M. Lockett, Kathryn J. Achatz, and Lee McMahon, appeal from the summary judgment and award of attorney fees entered in favor of defendants, Edith Garrett, Frances Roe, and Leslie M. Heiman. Plaintiffs also appeal the court's order denying their motion for attorney fees. We affirm in part, vacate in part, and remand with directions.

In May 1996, plaintiff Lockett was the mayor of the town of Buena Vista, plaintiffs McMahon and Achatz were members of the Board of Trustees of Buena Vista, and each of the defendants was a resident of Buena Vista.

Shortly before May 2, 1996, all of the defendants submitted three separate petitions to recall the plaintiffs. These petitions were initially approved on that date, but were subsequently rejected on June 6, 1996. The grounds for recall in the petitions, as stated in the summary judgment, were as follows:

*Michael Lockett:* Failing to properly represent the citizens of the Town of Buena Vista, Colorado; specifically violation(s) of the Open Meeting Law, and refusal to be accountable to the citizens of the Town of Buena Vista, Colorado.

*Lee McMahon:* Failing to properly represent the citizens of the Town of Buena Vista, Colorado; specifically violation(s) of the Open Meetings Law, interfering with the day-to-day operations of Town departments by conspiring with employees against department heads.

*Kathryn Achatz:* Failing to properly represent the citizens of the Town of Buena Vista, Colorado; specifically violation(s) of the Open Meetings Law, interfering with the day-to-day operations of Town department (sic) by conspiring with employees against department heads.

On May 2, 1996, plaintiffs filed a complaint alleging claims for defamation on grounds that defendants had asserted violations of the open meetings law. Plaintiffs McMahon and Achatz also alleged that the statements that they had interfered with the day-to-day operations of the Town by conspiring with employees against department heads were defamatory.

Defendants refiled new petitions essentially setting forth the same grounds. These petitions were approved on June 6, 1996, and were declared sufficient to schedule an election. Plaintiffs were recalled in an election held on September 17, 1996.

In their answer, defendants denied plaintiffs' allegations of defamation, raised affirmative defenses, and asserted four counterclaims, including one for attorney fees pursuant to § 13–17–101, et seq., C.R.S. 1998.

Subsequently, defendants filed a motion for partial summary judgment asserting, among other things, qualified privilege under the First Amendment, lack of actual malice, that the statements constituted petitioning activity under the First Amendment, and qualified privilege in a petitioning activity under Colorado law. Ruling that defendants' statements were opinions, the trial court granted defendants' motion and dismissed plaintiffs' claims.

The trial court also awarded attorney fees to defendants pursuant to § 13–17–101, dismissed defendants' counterclaims, and denied plaintiffs' request for attorney fees. This appeal followed.

I.

Plaintiffs contend that the trial court erred in determining that the allegedly defamatory statements in defendants' recall petitions were statements of opinion and by dismissing plaintiffs' claims. We conclude that plaintiffs' claims were properly dismissed.

Under C.R.C.P. 56(c), summary judgment is proper only when the pleadings, affidavits, depositions, or admissions show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Civil Service Commission v. Pinder*, 812 P.2d 645 (Colo.1991).

■ Because the threat of protracted litigation could have a chilling effect upon constitutionally protected rights of free speech, summary judgment is particularly appropriate in defamation actions. *DiLeo v. Koltnow*, 200 Colo. 119, 613 P.2d 318 (1980); *see Seible v. Denver Post Corp.*, 782 P.2d 805 (Colo. App.1989).

■ Defamation is a communication that holds an individual up to contempt or ridicule thereby causing him or her to incur injury or damage. *Keohane v. Stewart*, 882 P.2d 1293 (Colo.1994).

■ Whether allegedly defamatory language is constitutionally privileged is a question of law, and a reviewing court must review the record *de novo* to insure that the trial court's judgment does not constitute a forbidden intrusion on the field of free expression. *NBC Subsidiary (KCNC–TV), Inc. v. Living Will Center*, 879 P.2d 6 (Colo. 1994); *Arrington v. Palmer*, 971 P.2d 669 (Colo.App.1998).

■ The common law tort of defamation only requires the plaintiffs to prove defendant's publication of a defamatory statement by a preponderance of the evidence. A defendant may then prove truth as an affirmative defense. In contrast, if a public figure or a matter of public concern is involved, a heightened burden applies and plaintiff is required to prove a statement's falsity by clear and convincing evidence rather than a preponderance. *Smiley's Too, Inc. v. Denver Post Corp.*, 935 P.2d 39 (Colo.App.1996).

■ A public figure can recover damages for a defamatory statement concerning his or her conduct only by presenting clear and convincing proof that the statement was made with actual malice, that is, with knowledge that it was false or with reckless disregard of whether it was true or false. A showing of reckless disregard requires suffi-cient evidence to demonstrate that the defendant in fact entertained serious doubts as to the truth of the published statement. *Pierce v. St. Vrain Valley School District RE–1J*, 944 P.2d 646 (Colo.App.1997).

■ Whether the evidence in the record in a defamation case is sufficient to support a finding of actual malice is a question of law. *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 110 S.Ct. 2695, 111 L.Ed.2d 1 (1990).

## A.

Here, in granting defendants' motion, the trial court stated that it must decide whether the alleged defamatory assertions were protected because they were statements of opinion and then applied the two-step procedure set forth in *Keohane v. Stewart, supra*, for its analysis.

In *Keohane*, the court addressed statements made by a city councilman to a news reporter and letters written by an individual which appeared under assumed names in a local weekly newspaper. Citing to *Milkovich v. Lorain Journal Co., supra*, the supreme court noted that a statement of opinion relating to matters of public concern which does not contain a provably false factual connotation, or which cannot reasonably be interpreted as stating actual facts about an individual, continues to receive full constitutional protection.

Reasoning from that premise, the court ruled that, to determine if a statement is protected, the first inquiry is whether the statement is sufficiently factual to be susceptible of being proved true or false. The second inquiry is whether reasonable people would conclude that the assertion is one of fact. The factors relevant to the second inquiry are: (1) how the assertion is phrased; (2) the context of the entire statement; and (3) the circumstances surrounding the assertion, including the medium through which the information is disseminated and the audience to whom the statement is directed.

Applying that test here, the trial court determined that the statements were sufficiently factual to be susceptible of being proved true or false.

It then considered whether reasonable people would conclude that the assertions are assertions of fact as opposed to statements of opinion. It concluded that the statements were phrased in a statutorily permitted recall petition, that they were stated as reasons for recall, and that they were disseminated within the petition process to the citizens of the Town of Buena Vista for their consideration.

Reasoning that defendants' statements were the opinions of dissatisfied citizens, the trial court concluded that no reasonable person could conclude, in this context, that these assertions were anything more than political opinion as opposed to assertions of fact. Because the statements were the opinions of defendants, plaintiffs could not prevail, and the motion for summary judgment was granted.

■ We agree with the trial court's analysis and determination that no reasonable person could conclude that the assertions were anything more than political opinion as opposed to assertions of fact.

■ All parties agree that the recall petitions were the result of dissatisfaction of citizens of the Town of Buena Vista. *See Bernzen v. City of Boulder*, 186 Colo. 81, 525 P.2d 416 (1974) (dissatisfaction of electorate official basis for recall). To remedy this dissatisfaction, as plaintiffs conceded in their brief in opposition to the motion for summary judgment, defendants participated in petitioning activities that fall within the First Amendment. *See also Groditsky v. Pinckney*, 661 P.2d 279 (Colo.1983) (power of recall is fundamental right).

To recall plaintiffs, defendants had to comply with § 31–4–502, C.R.S.1998. The deposition testimony of defendants and others, including the former town administrator, indicated that the decision to reappoint the town administrator and police chief had been made by defendants and others before the town's regular public meeting. That evidence indicates that defendants' petitioning activities are supportable by reasonable facts and had a cognizable basis in law.

■ Further, plaintiffs have failed to submit sufficient evidence to prove with convincing clarity that defendants published the statements with actual malice. *See Pierce v. St. Vrain Valley School District RE–1J, supra.*

The record contains evidence that defendants believed that the statements contained in the recall petitions were true. Conversely, there is no evidence that defendants acted with knowledge that the statements were false or that they made them with a reckless disregard of whether they were false.

■ Moreover, even if defendants did not fully investigate the truth of the allegations, a negligent failure to investigate cannot constitute actual malice. *See Williams v. Continental Airlines, Inc.*, 943 P.2d 10 (Colo.App. 1996).

Consequently, the entry of summary judgment in favor of defendants was proper.

### B.

In view of our disposition, we need not address defendants' argument that their statements in the recall petitions are absolutely protected as a matter of law. *See McDonald v. Smith*, 472 U.S. 479, 105 S.Ct. 2787, 86 L.Ed.2d 384 (1985); *Kemp v. State Board of Agriculture*, 803 P.2d 498 (Colo. 1990).

### II.

Plaintiffs also assert that the trial court erred in finding that their complaint lacked substantial justification and in awarding attorney fees to defendants. We disagree.

### A.

■ We reject plaintiffs' contention that their complaint was not substantially frivolous and groundless and did not lack substantial justification.

In part, § 13–17–102(4), C.R.S.1998, provides that the court shall assess attorney fees if, upon the motion of any party or the court itself, it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification.

■ The award of attorney fees on the basis that a claim lacks substantial justi-

fication is committed to the sound discretion of the trial court, and its decision will not be disturbed absent an abuse of that discretion. *Fowler Irrevocable Trust 1992–1 v. City of Boulder*, 992 P.2d 1188 (Colo.App. 1999). However, such an award must have record support. *M Life Insurance Co. v. Sapers & Wallack Insurance Agency, Inc.*, 962 P.2d 335 (Colo.App.1998).

Section 13–17–102(4) defines the phrase "lacked substantial justification" to mean "substantially frivolous, substantially groundless, or substantially vexatious."

 A claim or defense is frivolous if the proponent can present no rational argument based on the evidence or law in support of the claim. A claim or defense is groundless if the allegations in the complaint, while sufficient to survive a motion to dismiss for failure to state a claim, are not supported by any credible evidence. *Western United Realty, Inc. v. Isaacs*, 679 P.2d 1063 (Colo. 1984).

Here, given the nature of the lawsuit and the large body of case law concerning the matters at issue, the trial court found plaintiffs' lawsuit to be substantially frivolous and groundless and that it lacked substantial justification within the meaning of the statute. Implicit within this determination is a finding that there was no rational argument in law or fact to support plaintiffs' contentions.

Even if we assume that all of the facts in plaintiffs' brief in opposition to defendants' motion for partial summary judgment are true, there is no rational argument based on this evidence for plaintiffs' claim that defendants entertained serious doubts about the statements in the recall petitions or knew that they were false. Therefore, plaintiffs' claims that defendants published the statements with actual malice are frivolous and groundless. *Western United Realty, Inc. v. Isaacs, supra.*

Thus, we conclude that there is record support for the trial court's decision to award defendants attorney fees.

### B.

 Plaintiffs also assert that the trial court failed to follow proper procedures, con-

sider appropriate factors, and make the requisite findings for an award of attorney fees. We disagree.

 If a party requests a hearing concerning the award of attorney fees and costs under § 13–17–102, C.R.S.1998, the district court must hold a hearing. However, a party who fails to make a timely request for such a hearing waives the right to a hearing. *In re Marriage of Aldrich*, 945 P.2d 1370 (Colo. 1997). Here, the record reveals that plaintiffs did not make such a timely request.

Further, while the trial court did not hold a hearing prior to issuing its initial award of attorney fees, it did have hearings on this issue on two subsequent occasions. During the course of those hearings, it set forth its reasons for the award as well as its determination of the amount of the award.

### C.

 We also reject plaintiffs' contention that there is no evidence in the record to demonstrate that the trial court properly applied, or even considered, the factors set forth in § 13–17–103(1), C.R.S.1998. The record reveals that the trial court, after a hearing, considered all of the factors required by § 13–17–103(1), and in particular, found that plaintiffs filed their claims in bad faith because they had used the courts when the political system was available to them.

Thus, the trial court did not abuse its discretion in awarding attorney fees to defendants.

### III.

Plaintiffs also contend that the trial court erred in determining reasonable attorney fees for defendants in the amount of $5,208.75. In particular, plaintiffs assert that the trial court's decision was in error because of its failure to analyze and apply the factors set forth in § 13–17–103(1) and that it failed to apply the doctrine of mitigation. Because we have concluded that the trial court properly applied the factors found in § 13–17–103(1), we do not further address that issue.

The determination of the amount, under the evidence, that constitutes a reasonable award of attorney fees is committed to the sound discretion of the trial court. However, a trial court must make sufficient findings to permit meaningful appellate review of the attorney fees award. *Bilawsky v. Faseehudin,* 916 P.2d 586 (Colo.App.1995).

Here, defendants requested fees in the amount of $6,162.50. During a hearing on defendants' motion for a determination of the reasonableness of the attorney fees, the trial court disallowed certain costs totaling $953.75. The court subtracted these amounts from defendants' request because they were charges related to political purposes.

Relying on *Ruffing v. Lincicome,* 737 P.2d 440 (Colo.App.1987), plaintiffs contend that defendants did not take all reasonable measures to extricate themselves from a frivolous and groundless lawsuit at the earliest possible time. However, unlike in *Ruffing,* in which the case proceeded to trial and, after the presentation of plaintiffs' evidence, the court directed a verdict in favor of defendant, here, defendants filed a motion for summary judgment and avoided the costs of trial.

Nevertheless, plaintiffs claim that defendants could have extricated themselves from the lawsuit earlier without incurring significant attorney fees by filing a motion to dismiss. We conclude that defendants acted expeditiously.

At the time plaintiffs filed their complaint, no depositions had been taken. Because evidence of the publisher's subjective awareness is required to prove actual malice, more evidence on this issue was required. *Kuhn v. Tribune–Republican Publishing Co.,* 637 P.2d 315 (Colo.1981). Moreover, plaintiffs' motion for early depositions illustrates their belief that they needed additional evidence and further reinforces our conclusion that more evidence regarding defendants' claims was required.

Thus, we conclude that the trial court did not abuse its discretion by awarding $5,208.75 in attorney fees to defendants.

IV.

Plaintiffs finally contend that the trial court erred in denying their motion for attorney fees following its dismissal of defendants' counterclaims. Specifically, plaintiffs claim that § 13–17–201, C.R.S.1998, mandates an award of attorney fees when an action is dismissed pursuant to C.R.C.P. 12(b). We conclude that further findings are required.

Section 13–17–201, in relevant part, provides that:

> In all actions brought as a result of death or an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action.

Here, the court granted plaintiffs' motion to dismiss defendants' counterclaims pursuant to C.R.C.P. 12(b)(5). Plaintiffs then moved for attorney fees pursuant to § 13–17–201. However, the trial court denied their motion without explanation.

Consequently, because we are unable to determine the basis for the court's denial of this motion, the cause must be remanded for further findings on this issue.

Accordingly, the order denying plaintiffs' motion for attorney fees is vacated and the cause is remanded for further findings on that issue. In all other respects, the judgment and orders of the trial court are affirmed.

Judge JONES and Judge ROY concur.