Dan BARNETT, Plaintiff-Appellant
and Cross-Appellee,

v.

DENVER PUBLISHING COMPANY,
INC., d/b/a Denver Rocky Mountain
News, Defendant-Appellee and Cross-
Appellant.

No. 00CA0642.

Colorado Court of Appeals,
Div. V.

April 26, 2001.

Rehearing Denied Aug. 16, 2001.

Certiorari Denied Dec. 17, 2001.

**146**

Dan Barnett, Pro Se.

Baker & Hostetler LLP, Marc D. Flink, Denver, CO, for Defendant–Appellee and Cross–Appellant.

Opinion by Judge TAUBMAN.

Plaintiff, Dan Barnett, appeals the dismissal of his defamation complaint against defendant, Denver Publishing Company, Inc., d/b/a Denver Rocky Mountain News (Rocky Mountain News). The Rocky Mountain News cross-appeals the trial court's denial of attorney fees. We affirm the judgment of dismissal, reverse the order rejecting the Rocky Mountain News' request for attorney fees, and remand for an award of those fees.

In 1998, Barnett ran for the Republican Party nomination for state representative in District 37. On May 2, 1998, the Republican Party in Arapahoe County held its county assembly to nominate candidates for various offices. The next day, the Rocky Mountain News published an article about the assembly, which stated in pertinent part: "The District 37 race is to replace Rep. Martha Kreutz, who is seeking the GOP nomination in the 6th Congressional District.... Five candidates initially sought the District 37 nomination. But Dan Barnett, convicted in a stalking incident involving one of Kreutz's daughters, failed to show up."

In 1995, Barnett had pled guilty to harassment, a class three misdemeanor, under Colo. Sess. Laws 1994, ch. 324, § 18–9–111 at 2018. The plea resulted from an incident in which one of Kreutz's daughters was the victim, and the plea court had described the case as "almost stalking."

Based upon this article, Barnett filed a defamation complaint against the Rocky Mountain News on January 29, 1999. Two weeks later, the Rocky Mountain News filed a C.R.C.P. 12(b)(5) motion to dismiss for failure to state a claim upon which relief can be granted. Barnett filed a motion for summary judgment on February 16, 1999.

The trial court granted the Rocky Mountain News' motion to dismiss, but denied its request for attorney fees. The court also denied Barnett's motion for summary judgment.

### I. Motion to Dismiss

Barnett contends that the trial court erred in granting the Rocky Mountain News' motion to dismiss. Specifically, he contends that the article was defamatory because it used the word "stalking," which in his view implies that he was convicted of felony stalking, rather than misdemeanor harassment, the charge of which he was convicted. We disagree.

■ Motions to dismiss for failure to state a claim are viewed with disfavor and should be granted only if it clearly appears that the plaintiff would not be entitled to any relief under the facts pled in the complaint. *Hill v. Behrmann*, 911 P.2d 679 (Colo.App.1995), *aff'd sub nom. Left Hand Ditch Co. v. Hill*, 933 P.2d 1 (Colo.1997).

■ A motion to dismiss for failure to state a claim must be decided solely on the basis of the allegations pled in the complaint, and the court must consider all allegations in the complaint in the light most favorable to the plaintiff. *National Camera, Inc. v. Sanchez*, 832 P.2d 960 (Colo.App.1991). Appellate review of a motion to dismiss is *de novo*, and the court must accept all facts pled in the complaint as true. *Fluid Technology, Inc. v. CVJ Axles, Inc.*, 964 P.2d 614 (Colo.App.1998).

■ Because the threat of protracted litigation could have a chilling effect upon constitutionally protected rights of free speech, prompt resolution of defamation actions, by summary judgment or motion to dismiss, is appropriate. *See Lockett v. Garrett*, 1 P.3d 206 (Colo.App.1999)(summary judgment).

■ The common law tort of defamation only requires a plaintiff to prove the defendant's publication of a defamatory statement by a preponderance of the evidence. The defendant then may prove substantial truth as an affirmative defense. However, if a public figure is involved, a heightened burden applies, and the plaintiff is required to prove the article's falsity by clear and convincing evidence. *Smiley's Too, Inc. v. Denver Post Corp.*, 935 P.2d 39 (Colo.App.1996).

■ This heightened burden requires a plaintiff to demonstrate that the statement was made with actual malice, that is, with knowledge that it was false or with reckless disregard of whether it was true or false. *Lockett v. Garrett, supra.* Actual malice can be shown if the author entertained serious doubts as to the truth of the statement or acted with a high degree of awareness of its probable falsity. *Lewis v. McGraw–Hill Broadcasting Co.*, 832 P.2d 1118 (Colo.App.1992).

■ ■ Allegations of defamation of political candidates and public officials must be considered against the backdrop of a "profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open." *Lane v. Arkansas Valley Publishing Co.*, 675 P.2d 747, 750 (Colo.App.1983)(quoting *New York Times Co. v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964)). Whether the evidence in a defamation case is sufficient to support a finding of actual malice is a question of law. *Lockett v. Garrett, supra.*

■ Here, when the article was published, Barnett was a public figure because he was running for the Republican nomination for state representative. *See Monitor Patriot Co. v. Roy*, 401 U.S. 265, 91 S.Ct. 621, 28 L.Ed.2d 35 (1971)(candidate for elective public office is a public figure).

Contrary to the Rocky Mountain News' contention, Barnett adequately alleged in his complaint that it acted with actual malice. However, even assuming that all of the facts pled are true, his claim must fail under the doctrine of substantial truth.

■ Truth is an absolute defense to a defamation claim brought against a public figure, and only false statements made with "actual malice" are subject to sanctions. *People v. Ryan*, 806 P.2d 935 (Colo.1991). A party asserting truth as a defense in a defamation action is not required to justify every word of the alleged defamatory matter. It is sufficient if "the substance, the gist, the sting, of the matter is true." *Gomba v. McLaughlin*, 180 Colo. 232, 236, 504 P.2d 337, 339 (1972).

Here, the statement that Barnett had been "convicted in a stalking incident" was sub-

stantially true. Barnett alleged in his complaint that the "judge upon sentencing in 1995 in front of 3 attorneys and a court reporter [stated] that he had never seen love like this before and that it was Almost Stalking."

Barnett asserts that the Rocky Mountain News' article was defamatory because stalking is only punishable as a felony. He is mistaken. In 1995, when he pled guilty to misdemeanor harassment, stalking was a class 1 misdemeanor. *See* Colo. Sess. Laws 1995, ch. 240, § 18–9–111 at 1258. Although there is a distinction between harassment, which is a misdemeanor, and stalking, which is now a felony, both terms describe similar repeated, unsolicited behavior.

Barnett also contends that the article mistakenly suggested he was convicted of felony stalking. We disagree, and note that the article never used the word "felony" or asserted that his conviction was for a felony charge.

Courts in other jurisdictions have held that technical errors in legal terminology and reports involving violation of the law are of no legal consequence. *See Simonson v. United Press International, Inc.,* 654 F.2d 478 (7th Cir.1981) (article reporting person charged with rape, when actually charged with second degree sexual assault, not defamatory, because statement was not made false by substituting a word in common usage for an exact legalism); *Read v. Phoenix Newspapers, Inc.,* 169 Ariz. 353, 819 P.2d 939 (1991) (newspaper article describing a defendant's conviction for "firing a gun," when he was actually convicted of "exhibiting the gun," was not defamatory, because the inaccurate statement did not cause him any more damage than that which resulted from his actual conviction and sentence).

Accordingly, although Barnett was convicted of harassment, not stalking, we conclude that the Rocky Mountain News' use of the term "stalking" to describe his conviction was substantially true, and his defamation claim was properly dismissed.

Barnett further claims that because the article failed to state the date of his conviction, readers were led to believe that he was absent from the assembly because he was in jail. The article made no such claim. Rather, it indicated that Barnett could have attended, but he "failed to show up."

Because we conclude that the article was not defamatory, we also reject Barnett's request for an injunction ordering the Rocky Mountain News to remove the article from its internet archives.

## II. Summary Judgment

■ We do not address Barnett's contention that the trial court erred in denying his motion for summary judgment, because a denial of summary judgment is not an appealable order. *Feiger, Collison & Killmer v. Jones,* 926 P.2d 1244 (Colo.1996).

## III. Attorney Fees

■ On cross-appeal, the Rocky Mountain News contends that the trial court erred by rejecting its claim for attorney fees. We agree.

■ Section 13–17–201, C.R.S.2000, provides: "In all actions brought as a result of ... an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action." Under this section, an award of attorney fees is mandatory when a trial court dismisses an action under C.R.C.P. 12(b). *Houdek v. Mobil Oil Corp.,* 879 P.2d 417 (Colo.App.1994).

■ Defamation is "an injury to person or property occasioned by the tort of any other person." *See Brooks v. Jackson,* 813 P.2d 847 (Colo.App.1991).

The trial court rejected the Rocky Mountain News' request for attorney fees without explanation. However, because we have concluded that the trial court properly dismissed Barnett's claim under C.R.C.P. 12(b)(5), it was required to award attorney fees to the Rocky Mountain News. Furthermore, the Rocky Mountain News is entitled to reasonable attorneys fees for defending this appeal.

*See Henderson v. Bear*, 968 P.2d 144 (Colo. App.1998).

The judgment dismissing Barnett's claim is affirmed, the order rejecting the Rocky Mountain News' claim for reasonable attorney fees is reversed, and the cause is remanded for a determination of the amount of such fees.

Judge ROTHENBERG and Judge ROY concur.